GOODKIND v. GOODKIND.

*Divorce and alimony—Sufficiency of summons—Unnecessary to set forth answer day.*

A summons in an action for divorce and alimony, which notifies the defendant that he has been sued, and by whom, and states the court in which the action is begun and that the petition will be for hearing after the expiration of six weeks from the day of service, is a valid summons, and when such summons, together with a copy of the petition, is duly served on defendant the court out of which the summons issues has jurisdiction of the defendant.

(Decided December 24, 1923.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Southard, Rowe & Williams,* for plaintiff in error.

_Messrs. Cotter & McFellin,_ for defendant in error.

CHITTENDEN, J.  On the 24th day of April, 1923, Florence M. Goodkind filed a petition in the Court of Common Pleas, in which she prayed for a decree of divorce and alimony against the defendant, Seymour B. Goodkind.  On the same day a summons was issued to the sheriff of Lucas county, who returned the same with an endorsement showing that on that day he made personal service of the summons, together with a copy of the plaintiff's petition, upon the defendant.

Thereafter the defendant filed a motion to quash the service of summons, which motion was granted, and thereupon a judgment was entered dismissing the petition of the plaintiff at her costs.  This proceeding in error is to secure a reversal of that judgment.

The motion to quash seems to have been granted upon the ground that the summons was insufficient under the statutes, and for that reason did not avail to bring the defendant into court; and such is the contention made in this court in favor of sustaining the judgment rendered by the Court of Common Pleas.  The summons reads as follows:

_"The State of Ohio, Lucas County, ss._:
"To the sheriff of Lucas County:

"You are commanded to notify Seymour B. Goodkind that he has been sued by Florence M. Goodkind in the court of common pleas of Lucas county, and that the petition of the said plaintiff, filed in the clerk's office of said court, will be for

hearing after the expiration of six weeks from the day of service of this summons.

"You will make due return of this summons on the 7th day of May, A. D. 1923.

"Witness, W. T. HUNTSMAN,

"Clerk of said court and the seal thereof at Toledo this 24th day of April, A. D. 1923.

"[Seal.] W. T. HUNTSMAN,

"By M. E. THEUERKAUFF,

*"Deputy Clerk."*

The alleged defect in the summons consists in its failing to contain a date when the defendant must file an answer.

Section 11983, General Code, determines the method of service in an action for divorce and alimony upon a resident of this state, and reads as follows:

"When the defendant is a resident of this state, the clerk shall issue a summons, directed to the sheriff of the county in which he or she resides or is found, which, together with a copy of the petition shall be served on him or her at least six weeks before the hearing of the cause."

It is urged that in order to arrive at a correct construction of this statute it is necessary to refer to Section 11281, General Code, which enacts the requisites of a summons. That section reads:

"The summons must be issued and signed by the clerk, and be under the seal of the court, from which it is issued. Its style shall be 'The State of Ohio, ——— county,' and it must be dated the day it is issued. It shall be directed to the sheriff of the county, who shall be commanded therein to notify the defendant that he has been sued, and must answer at a time stated therein,

or the petition will be taken as true, and judgment rendered accordingly.   *    *    * ,,

The latter section determines the requisites of a summons in general in civil actions begun in the Court of Common Pleas. In construing these two sections it must be borne in mind that the purpose of a summons is to give notice to the defendant that he has been sued, of the court in which he has been sued, and such other information as is essential to enable him to protect his rights in the litigation begun against him. Section 11281, General Code, among other things, provides that the defendant must be notified that he has been sued and that unless he answer at a time stated in the summons the allegations of the petition will be taken as true and judgment rendered accordingly. In other words, he is notified that a default judgment will be taken against him, based on the allegations of the petition, unless he answers by the time specified.

An action brought by a plaintiff to secure a decree of divorce and alimony is not of such character as will permit the taking of a default judgment. Section 11985, General Code, provides that "the cause may be heard and decided after the expiration of six weeks from the service of summons, or the first publication of notice." This latter section is clear and unambiguous, and it has been judicially construed as meaning that six full weeks must elapse before the case can be heard and decided. Section 11986, General Code, reads:

"If the defendant fails to appear, or, having appeared, admits or denies in his answer the allegations in the petition, the court shall hear and determine the cause. On the hearing, if any of the

causes for divorce charged in the petition be proved to the satisfaction of the court, it may pronounce the marriage contract dissolved and both of the parties released from its obligations.''

Construing the two last-mentioned sections together it is apparent that the defendant is entitled to full six weeks from the date of the service of summons within which to answer, that if he fails to answer no default judgment can be entered, and, further, that if he answer, even though he admits the allegations of the petition, the court must proceed to hear and determine the cause. The answer day contemplated to be inserted in the summons under the provisions of Section 11281 is in accordance with the rule days provided for in Section 11346, which section does not apply to divorce proceedings. Were an answer day to be inserted in a summons in a divorce action corresponding with the rule days provided for in that section, it would be erroneous, as the time for answer would be much less than that to which the defendant is entitled under the section providing for service in divorce cases.

Section 11984, General Code, provides that service upon a nonresident of the state in divorce cases must be given by publication as in other cases. It has been the general practice and the understanding of the bar for many years that notice by publication in divorce cases need not fix an answer day, as in ordinary civil actions, but that the defendant shall be notified by the publication that the cause will be for hearing on and after the day after six full weeks from the first publication. In a standard Ohio authority the form of publication is made to read in that way. 2 Bates' Pleadings, Practice, Parties and Forms (1923 Ed.), 1532.

We think it is entirely clear that the summons served upon the defendant was in full compliance with the statutory requirements for service in divorce cases, and that the judgment of the Court of Common Pleas was erroneous.

The judgment will therefore be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed, and cause remanded.*

KINKADE and RICHARDS, JJ., concur.