READY v. READY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7706. Decided June 13, 1927.

413. DIVORCE AND ALIMONY — 681. Jurisdiction—Court of Appeals has jurisdiction and may reverse, in case of fraud, judgment of Common Pleas granting divorce.

413. DIVORCE AND ALIMONY — 1085. Service of Summons—Defendant in divorce suit in Ohio is not in court unless by full and complete conformity to provisions of statute.

Error to Common Pleas.

Judgment reversed.

First Publication of this Opinion.

SULLIVAN, PJ.

This cause is here on error from the Court of Common Pleas of Cuyahoga County, and it is sought to reverse the judgment of the lower court for committing prejudicial error in denying a motion, made during term, for the vacation of a decree of divorce granted to one James Ready. The basis for the motion was fraud and irregularity under the statute.

A primary legal question in the case is whether a divorce decree can be set aside for irregularity and fraud by plaintiff, even though, subsesuent to the divorce, a remarriage takes place with respect to the party plaintiff who was granted the decree.

The lower court held that, as to the divorce, the judgment of the Common Pleas Court was a finality and then proceeded to hear the question of irregularities, but the record discloses the issue of fraud on the part of the plaintiff, which is based upon the claim that when the petition for divorce was filed and the prayer granted, the plaintiff was not a bona fide resident of the State of Ohio, but was a legal resident of the State of New York.

It appears from the record that, when the divorce was granted, there were two motions of an essential nature filed in the case by the defendant, and one was to make the petition more definite and certain, because the allegations as to the causes for divorce were naked and unsupported in any manner by any facts, and the other was a motion relating to counsel fees and expenses and the taking of depositions. Thus it is clear that the cause assumed the character of what is known under the rules of the Common Pleas Court as a contested divorce action.

The cause was heard and the divorce granted, according to the record, without these motions having been decided, and was tried as in the nature of an uncontested case. However, there is a conflict as to this. The filing of the motion created a record which imposed obligations upon counsel with respect to the question of proceeding to the hearing of any material issue, or to the determination of the case finally, without conforming to the traditional custom of notifying counsel of record, before proceeding as to all material steps in open court concerning the cause. This situation existed at the time of the granting of the decree, and it is our judgment that under the record in the case there was an irregularity sufficient, in the exercise of sound discretion, to vacate the judgment and decree. The dissolution of the marital tie and family relationship especially demands that the contending parties shall be made fully aware of these vital steps in the course of the proceedings. The court below considered the petition sufficient in law, apparently, and did not consider the motion as a bar to proceeding.

It also appears from the record in the case that, notwithstanding the provisions of the statute, the affidavit to support service by publication was fatally defective, in that it did not assert that service according to law could not be made upon the defendant in Ohio, and that the defendant was a non-resident of the state. On this infirm affidavit service by publication depended, that this weakness in the affidavit is followed by the additional fatality that instead of sending the paper which contained the publication notice, together with a

copy of the summons and the petition to the defendant at her known place of residence in New York, nothing but the paper itself, as appears by the docket, was ever sent or received, and thus arose the violence to the provisions of the statute which specifically require, in service by publication, that a copy of the summons and a copy of the petition shall be directed and sent to the defendant at the last place of residence, or to the place designated in the affidavit as such.

It is claimed that later a copy of the summons and petition were left with the defendant's counsel, but this is not compliance with the statute, and especially is it of no avail in divorce cases, where, under the doctrine of collusion, there is no such thing as an entry of appearance by counsel. The defendant, in a didvorce suit in Ohio, is not in court, unless by full and complete conformity to the provisions of the statute.

In our judgment, therefore, there was no service of a lawful character upon the defendant. The decree, therefore, is void or at least voidable, and the reason for its nullity is apparent in the record, to-wit, that the plaintiff was not a resident of Ohio at the time of the granting of the divorce, nor had he been a citizen of the State for one year preceding the application for divorce as provided by statute.

It is argued that, as the plaintiff had remarried, the motion to vacate necessarily had to be denied on the grounds of public policy. That is upon the theory of the law that existed prior to the constitution of 1912, but which is contrary to the established doctrine in Ohio at the present time. Huntington v. Finon, 3 OS. 445; Bank v. Doty, 9 OS. 508; Parish v. Parish, 9 OS. 534; Zonars v. Zonars, 101 OS. 518; Cox v. Cox, 104 OS., and Wells v. Wells, 105 OS. 471.

In 108 OS. 473, the Cox case is cited and it leaves no question as to the power and authority of the Court of Appeals to review, reverse or affirm, in cases like the one at bar. It is also laid down in Wells v. Wells, 105 OS. 472.

It is our unanimous opinion that the judgment of the lower court should be reversed and an entry will be made to this effect.

(Vickery and Levine, JJ., concur.)

**Attorneys**—Bartholomew, Leeper & McGill and Cull, Burton & Laughlin for plaintiff in error; Robt. J. Selzer for defendant in error; all of Cleveland.