## BECK v BECK

Ohio Appeals, 5th Dist, Coshocton Co

Decided May 2, 1933

George & Leasure, Zanesville, for plaintiff in error.

Geo. D. Klein, Coshocton, for defendant in error.

## OPINION

### By SHERICK, PJ.

The error complained of, that the court was without jurisdiction in the entering of a decree for alimony out of the plaintiff in error's personal property within the jurisdiction of the court (the plaintiff in error having been summoned therein by publication), might likewise be summarily disposed of under the authority of **Reed v Reed, 121 Oh St, 188,** 167 NE, 684, 66 A.L.R., 1384, and cases therein approved, if it were not for a serious error which appears in the affidavit for constructive service in the defendant in error's divorce action. This instrument appears as an exhibit attached to the bill of exceptions now before us. The fault therein, as we see it, is that it was sworn to before a notary public who was the attorney of record for the defendant in error.

This is not an affidavit of a preliminary character taken before a notary public before the institution of an adversary proceeding, but is an instrument invoked after the filing of an action for the purpose of acquiring jurisdiction by constructive service. It prevents a dismissal of the cause, and permits, in a proper case, that the cause proceed to final judgment on the merits. It is evidential in character and makes possible the investing of jurisdiction in a court which otherwise would have no jurisdiction to proceed further therein as against the defendant named.

It is provided in §11524, GC, that an affidavit may be made before any person authorized to take depositions. §11529 GC recites before whom depositions may be taken. §11529 GC has a limitation engrafted upon it by the terms of §11532 GC, which reads:

"The officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding."

It is established in this state that §11984, GC, provides the only way service of summons in a divorce action may be made as against a nonresident defendant, or as against one whose place of residence is unknown. It is not only the exclusive legal method provided for such service of process; but it is mandatory that its provisions be strictly carried out. This is the holding in **Ruthrauff v Ruthrauff, 15 Oh Ap, 214.**

Sec 11984 GC contemplates that a court may be apprised of the fact that a defendant's place of residence is unknown by an affidavit of the plaintiff. It further contemplates and intends not only that the affidavit shall be sufficient, but that it shall be a proper affidavit, that is one in conformity to §11529, GC, and such a one as is not prohibited and forbidden by §11532 GC. The Legislature recognized that one's relatives, or his attorney, or an interested person, might perhaps connive with the affiant and thereby warp the truth. It therefore sought to avoid even a semblance of malfeasance in the official act by providing that the officer be not interested in the natural result of his act.

The intendment of the statute shows wisdom and foresight, or the recognition of a past evil, with significant force in cases where the official act would create jurisdiction, where otherwise jurisdiction would not exist, and the relief sought be not obtainable. To permit a plaintiff by an unauthorized act to confer jurisdiction in a court over the person and property of a defendant would be a vicious practice. And the law having prescribed how jurisdiction shall be acquired in such case, that procedure must be strictly followed.

We find in the case of **Ready v Ready, 25 Oh Ap, 432 (5 Abs 629),** a situation wherein the plaintiff's affidavit for constructive service was deficient in substance; and the court held that a defendant in a divorce action is not in court without full and complete conformity to the provisions of the statutes on the part of the plaintiff. The court concludes, at page 437: "In our judgment, there was no service of a lawful character upon the defendant. The decree therefore is void, or at least voidable, and the reason for its nullity is apparent in the record."

This being a direct attack upon the judgment complained of, and the record disclosing the illegality of the affidavit's execution, it is our judgment that the trial court erred in its refusal to vacate the judgment and to permit the defendant to file his answer to the petition of the defendant in error. The trial court did not have jurisdiction either of the person or property of the plaintiff in error, and its action therein was a nullity and voidable on the defendant's part.

The case, **Hunt v Hunt, 14 N.P. (N.S.), 521, 27 O.D. (N.P.), 153,** is likewise of interest, as is also the article of Charles C. White, appearing in 28 **OLR,** 294.

For the purpose of avoiding a future jurisdictional question, we here suggest, in view of the fact that the record discloses that the plaintiff in error filed an action for divorce against the defendant in error in Ashland County and attempted to procure service of summons on defendant in error at the time publication was being made in the Coshocton County case, that the plaintiff in error by his petition to vacate the judgment aforesaid has subsequently invoked the jurisdiction of the Coshocton County Court. He must therefore be considered as having abandoned Ashland County as his battle ground.

It is the judgment of this court that the judgment be reversed and the cause remanded, with instruction that the judgment for divorce and alimony be vacated, and the plaintiff in error be permitted to answer the petition therein filed, as prayed for.

Judgment reversed and cause remanded.

LEMERT and MONTGOMERY, JJ, concur.