## In re Estate of Frankenberg.

(No. 163—Decided June 11, 1942.)

*Messrs. Switzer & Bailes,* for appellant.
*Mr. Edgar Ervin,* for appellee.

METCALF, J. On October 3, 1940, there was filed in the estate of Charles Frankenberg, deceased, in the Probate Court of Meigs county, an inventory and appraisement showing real estate to the value of $900 and personal property to the value of $398.24. Exceptions were filed thereto by Flora Hern Frankenberg alleging that she is the surviving spouse of the decedent and that the executor and appraisers failed to set off or designate any property or money or to de-

termine and designate any money in lieu thereof to her as such surviving spouse as provided by Section 10509-54, General Code, and therefore asked the court for an order requiring that the same be fixed and determined as provided by that section. The exceptions further maintained that, as the widow of decedent, such exceptor was entitled under and by virtue of Sections 10509-74, 10509-75 and 10509-76, General Code, to the money or property provided therein and asked that the same be complied with. A hearing was had on the exceptions and the judgment of the Probate Court dismissed the same, approved the inventory and appraisement, and exceptor, Flora Hern Frankenberg, perfected her appeal to this court on questions of law.

This action is a collateral attack upon a divorce proceeding instituted by the decedent, Charles Frankenberg, on September 4, 1908, in the Common Pleas Court of Franklin county, Ohio. The record discloses that exceptor and decedent were married in 1899; that they separated in 1905; and that decedent brought an action for divorce on the ground of willful absence in 1908 as above mentioned. The record further discloses that no preliminary affidavit for constructive service was filed but, notwithstanding, publication of notice was started September 9, 1908, and continued for six consecutive weeks. It further appears from the record that on February 6, 1909, there was filed an affidavit reading as follows:

"Affidavit

"John H. Thomas being first duly sworn says that he is the attorney at law of the said plaintiff in the above entitled cause; that the defendant is a nonresident of the state of Ohio; that she resides somewhere in the state of New Jersey or Delaware; that after diligent endeavor to obtain her whereabouts the said plaintiff or his attorney has wholly failed; that this case is one of those mentioned in Section 5045 of the

Revised Statutes of Ohio; that it is necessary to obtain service upon said defendant by publication and that the above statements are true as he verily believes.

"John H. Thomas."

"Sworn to before me and subscribed in my presence this 4th day of Sept. 1908.

"Hiram S. Bronson
"(Seal) Notary Public.

"Filed Feb. 6, 1909, Howard C. Park, Clerk, John E. Crooks, Deputy."

On July 27, 1914, the court granted a divorce to the decedent, the entry setting forth that "the defendant having been duly served with summons, and a copy of the petition herein according to law, and having failed to appear." The entry proceeds in the usual manner and finds from the evidence adduced that the defendant "has been guilty of gross neglect of duty and extreme cruelty and willful absence for more than three years and that by reason thereof the plaintiff is entitled to a divorce as prayed for" and thereupon granted the divorce. It will be noted that the petition did not allege gross neglect of duty or extreme cruelty but did allege willful absence, one of the grounds found by the court to justify the divorce as prayed for.

Appellant contends that by reason of the record of that divorce proceeding showing that the affidavit for constructive service was filed subsequent and not prior to the publication, and further that by reason of the affidavit not setting forth "that service of summons can not be made within this state on the defendant to be served by publication," the judgment granting the divorce is void and that therefore at the time of the death of decedent she was his lawful wedded wife and as his surviving spouse is entitled to the relief sought.

Section 5045, Revised Statutes of Ohio (now Section 11292, General Code), in force at the time the

petition in the divorce case was filed, provided for service by publication, but before service by publication could be made a preliminary affidavit was necessary as provided by Section 5046, Revised Statutes (now 11293, General Code), in force at the time and reading as follows:

"Before service by publication can be made, an affidavit must be filed that service of a summons can not be made within this state on the defendant to be served by publication, and that the case is one of those mentioned in the preceding section; and when such affidavit is filed, the party may proceed to make service by publication."

It is said in 1 Bates, Pleading and Practice (1908 Ed.), 596, in commenting on the statutes in force and effect at the time of this divorce proceeding:

"The Code provides for two kinds of affidavits in this connection; the one under Section 5046, which is a necessary part of the constructive service or at least an essential preliminary foundation; the other under Section 5045 (last lines of section), which is mere evidence to show due service but not part of it; and hence is not called for until before hearing.

"The preliminary affidavit is as necessary to authorize personal service outside the state as for publishing. Publication without such affidavit is wholly void. The affidavit must be filed in advance of the publication, Section 5046, and publishing before the affidavit is filed is a fatal defect."

Numerous cases both in Ohio and throughout other jurisdictions are cited, an examination of which show that they support the text.

At the time of this divorce proceeding the last paragraph of Section 5045, Revised Statutes, provided that when the residence of the defendant is known, it must be stated in the publication and immediately after the first publication the party making the service shall

deliver to the clerk copies of the publication with proper postage, and it was then the duty of the clerk to mail a copy of this publication and make an entry thereof, and then the last sentence which applies to this case reads as follows:

"* * * and in all other cases, the party who makes the service, his agent or attorney, shall before the hearing, make and file an affidavit that the residence of the defendant is unknown, and cannot with reasonable diligence, be ascertained."

The affidavit filed in this divorce case as set out above may or may not have been filed in contemplation of the provision in Section 5045, Revised Statutes, since it was filed subsequent to the publication but prior to the hearing, but in no way can it be presumed that it met the requirements of Section 5046, Revised Statutes, which section made it mandatory to file the affidavit provided therein before publication.

Counsel for the administrator relies upon *Winemiller* v. *Laughlin,* 51 Ohio St., 421, 38 N. E., 111, in support of his contention that the Common Pleas Court being one of general jurisdiction, competent to determine questions relating to that jurisdiction, and having found in this divorce proceeding that the defendant was "duly served with summons, and a copy of the petition herein according to law," the granting of the divorce cannot be collaterally attacked. In the *Winemiller case* the preliminary affidavit was filed but the second affidavit was not filed before hearing as provided by the last part of Section 5045, Revised Statutes. Judge Bradbury speaking for the court, at page 429, said:

"An affidavit was filed, regular in form, as prescribed by the statute, as preliminary to service by publication."

And then in commenting on whether or not the second affidavit was necessary said:

"Whether or not such an affidavit was made does not appear from the record; nor do we find it necessary to determine whether where the preliminary affidavit, as in this case, shows that the residence of the party to be served by publication is unknown, a second affidavit, to that effect, made after the publication and before the cause is heard, is necessary to give jurisdiction to the court, for * * * if such an affidavit was necessary to authorize the finding, we should presume in a collateral proceeding like this that it was made."

It will be noted that that case is entirely different from the one before us. There the basic preliminary affidavit for publication which grants the Common Pleas Court jurisdiction was filed and, of course, the Common Pleas Court having once obtained jurisdiction of the person of the defendant, by reason of this preliminary affidavit and the publication thereunder, was competent to determine questions relating to that jurisdiction and when it expressly found that the defendant had been duly served with notice it is presumed that all necessary preliminary procedure had been followed, in a collateral attack, but that is not the situation here. It affirmatively appearing from the record here that no preliminary affidavit was ever filed, the attempted service by publication was not authorized and the court never acquired jurisdiction of the person of the defendant in this divorce case, and publication without such affidavit is wholly void. Judge Bradbury in the *Winemiller case* made the following comment on page 430:

"Of course a judgment that is void may be disregarded whenever and wherever it may be met."

The Supreme Court in the case of *Paulin* v. *Sparrow,* 91 Ohio St., 279, 110 N. E., 528, in discussing a similar question said on page 287:

"Where it affirmatively appears from the record of

a court of general jurisdiction that the defendant has not been legally served with process, a decree purporting to determine the rights of such defendant is void.''

The record in this case shows affirmatively that publication was made without a preliminary affidavit as required by law.

In the event the plaintiff in the divorce proceeding in the instant case filed the affidavit on February 6, 1909, several months after the publication, for the purpose of meeting the requirement of Section 5046, Revised Statutes, then it affirmatively appears not only that it was filed too late but that it does not allege ''that service of a summons can not be made within this state on the defendant to be served by publication'' as required by law at that time. The courts have uniformly held that this allegation is necessary. A party may be a nonresident of the state of Ohio and yet it may be possible to serve him with summons. 32 Ohio Jurisprudence, 457, Section 67. The second paragraph of the syllabus of *Ready* v. *Ready*, 25 Ohio App., 432, 158 N. E., 493, reads:

''Where affidavit to support service by publication in divorce action did not assert that service according to law could not be made upon the defendant in Ohio, and that the defendant was a nonresident of the state, the notice was, in view of the statute, fatally defective and insufficient to give court jurisdiction of defendant.''

The petition in the divorce proceeding under consideration cannot be used in lieu of the affidavit because there is no allegation therein meeting the requirement of Section 5046, Revised Statutes.

It is our conclusion that the Common Pleas Court wrongfully assumed jurisdiction of the person of the defendant in the divorce proceeding here under consideration on the theory ''that the defendant was duly

served with a summons and a copy of the petition according to law." The entire record affirmatively disputes this finding. We are not unmindful of the presumption upon collateral attack in favor of the due service of process or giving of notice by domestic courts of general jurisdiction but where it otherwise affirmatively appears from the record that the court never had jurisdiction of the person of the defendant that presumption cannot prevail. 32 Ohio Jurisprudence, 493, Section 100.

In 68 A. L. R., 395, it is said:

"In every jurisdiction in which the question has been decided, with the exception of Texas, it is held that a recital in a judgment of service of process may be impeached, even upon a collateral attack, by a positive contrary showing of the remainder of the record upon which the judgment is based."

Six years elapsed between the filing of the petition and the judgment of the court granting the divorce. Original counsel was deceased and new counsel closed the case. So little attention was given in 1914 to the petition filed in 1908 and the service of process that the divorce was granted on two grounds not alleged in the petition and on the theory that personal service of summons and a copy of the petition had been served on the defendant. A most casual reading of the record impeaches the judgment entry of the court. This judgment granting the divorce was void for lack of jurisdiction of the person of the defendant and being void the decedent died leaving the defendant in that case, the exceptor here, his surviving spouse.

*Judgment reversed and cause remanded.*

Gillen, P. J., concurs.
McCurdy, J., concurs in judgment.