O'DELL, APPELLEE, *v.* O'DELL, APPELLANT.

(No. 644—Decided November 19, 1945.)

*Mr. Floyd D. Smith,* for appellee.
*Messrs. Murphy & Staley,* for appellant.

MILLER, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Darke county, Ohio, wherein the court refused to set aside a decree of divorce which had been granted to the plaintiff at a former term of court.

The plaintiff, appellee herein, filed his petition for a divorce against the defendant on the 18th day of July 1944. At the time of the filing of the petition, the defendant, appellant herein, was in the city of Niles, Michigan. The plaintiff, without filing any affidavit or making any showing to the court that the defendant was not a resident of the state of Ohio and that service of summons could not be had upon her in this

state, caused summons and a certified copy of the petition to be issued to the sheriff of Berrien county, Michigan. The sheriff, thereupon, on the 7th day of August 1944 served the defendant with a copy of the summons and a certified copy of the petition. Proof of service was made by affidavit. Immediately upon receiving the summons and a certified copy of the petition, the defendant came to Ohio and shortly thereafter talked with the plaintiff and held several other conversations with him prior to the granting of the decree. A day or two before the divorce was granted, the defendant met the trial judge and upon inquiry he advised her that in all probability her case would be heard on the following Saturday morning. On that morning the defendant was physically present in the courtroom in the court house in Greenville, Ohio. During the course of the morning the plaintiff appeared with his witnesses and submitted his case. The defendant heard the testimony that was offered against her and also heard the trial judge announce that the plaintiff was entitled to a decree of divorce. At no time did the defendant file an answer nor did she, by writing, enter her appearance in court. At a subsequent term of court the defendant filed her petition to vacate the decree, on the ground that the court had not acquired jurisdiction. That petition was not allowed and the court found that the service, together with the subsequent acts of the defendant, conferred jurisdiction upon the Common Pleas Court, and that the decree of divorce was valid.

Several assignments of error are made, but only one is discussed in the brief of the defendant. We shall, therefore, confine ourselves to it. Such assignment of error is in substance that the court committed error in holding it had jurisdiction over the defendant at the time the decree of divorce was rendered.

The question here presented for our determination is whether a service which is irregular and invalid, followed by a discussion by the defendant with the trial judge, the physical appearance of the defendant in the courtroom at the time of the trial of the cause and her hearing the evidence and the decree of the court pronounced, is sufficient to confer jurisdiction upon the court in a divorce case. No answer was ever filed or appearance entered in. writing. Consequently, if defendant's appearance was entered it was by her acts after the service of process upon her in the state of Michigan. No attempt was made to secure service upon her by publication. No affidavit was filed alleging that she was not a resident of the state of Ohio or that service of summons could not be had upon her within the state. Had this been done, service could then have been had upon the defendant by publication as provided for in Section 11984, General Code. No service was ever made upon her in Ohio under Section 11983, General Code. These two sections constitute the entire law relative to service in divorce cases, and neither was followed. It is well established that the foregoing provisions of the statute are mandatory and exclusive and that they are to be strictly construed. The general doctrine has been tersely stated as follows:

"The defendant in a divorce suit in Ohio is not in court without full and complete conformity to the provisions of the statute on the part of the plaintiff." *Ready* v. *Ready*, 25 Ohio App., 432, 158 N. E., 493. See, also, 14 Ohio Jurisprudence, 416, Section 35.

Compliance with provisions as to process cannot, as a general rule, be waived by the defendant, and it has been held under this doctrine that neither the voluntary entry of the defendant's appearance nor an acknowledgment of acceptance of service by counsel

on behalf of defendant is sufficient to confer jurisdiction in a divorce proceeding.

On the question of jurisdiction the plaintiff seems to rely solely on the case of *Black* v. *Black,* 110 Ohio St., 392, 144 N. E., 268, where the following statement was made:

"Upon the question of jurisdiction it need only be further stated that the defendant, not merely by his pleadings, but by his appearance in open court, waived any question of jurisdiction over his person, as is well settled by a long line of decisions of this court; the latest one, wherein the previous ones are cited, being *Klein* v. *Lust, ante* [110 Ohio St., 197] * * *."

The facts with reference to the service of process in that case do not fully appear from the opinion, and it seems probable that the statement of the court, relative to the filing of pleadings by the defendant and his personal appearance in court as constituting a waiver of jurisdiction over his person, is intended to refer only to the alimony branch of the case or to the issue respecting the custody of the child, which was also involved. Judge Zimmerman, in commenting on that case in *State, ex rel. Haun,* v. *Hoffman,* 145 Ohio St., 31, 60 N. E. (2d), 657, said:

"Besides, the language of the court in the *per curiam* opinion in the *Black case,* that, by his actions, the defendant Black had waived any question of 'jurisdiction over his person,' seems to have been directed primarily to that phase of the suit having to do with the custody of the child."

The difference between the case at bar and the *Black case* is that the defendant did not file any pleadings in court.

In commenting on the *Black case,* in the case of *Tucker* v. *Tucker,* 143 Ohio St., 658, 56 N. E. (2d), 202, Judge Williams said:

"The *Black case* is authority for the principle that the appearance of the defendant may be entered in a divorce action so as to give jurisdiction over the person of the defendant; but the opinion in that case should be read in the light of the surrounding facts. There was at least attempted service on Black, as an examination of the original record shows, *and he filed a pleading and defended the action.*" (Emphasis ours.)

The court held in that case that in an action for divorce the court acquired jurisdiction of the defendant where he, after personal service irregularly made on him which was not quashed or sought by him to be quashed, filed an answer in which was incorporated an entry of appearance, a waiver of issuance and service of summons, and denial of material averments of the petition. It is further stated in the *Tucker case,* as follows:

"It is not contemplated that a party seeking a divorce may file his petition accompanied by a waiver of service and entry of appearance signed by the defendant and secure a divorce decree forthwith. *The statutory safeguards must be preserved.* * * * It cannot be soundly asserted that the defendant may never enter his appearance and submit his person to the jurisdiction of the court in a divorce action. In fact the weight of authority in outside jurisdictions sustains the view that *pleading to the merits may constitute a valid and binding entry of appearance.*" (Emphasis ours.)

In *State, ex rel. Haun, y. Hoffman, supra,* Judge Zimmerman said:

"In the *Tucker case, supra,* recently decided, there was personal service on the defendant outside Ohio, which, though irregular, was not quashed or sought to be quashed. Later, the defendant filed an answer containing an entry of appearance, a waiver of summons

and a denial of some of the principal allegations of the petition. Upon that combination of facts this court took the view that the Court of Common Pleas acquired jurisdiction and possessed the authority to enter a decree of divorce in favor of the plaintiff. In the present case *there was no service of any kind and no answer. We are of opinion that the* Tucker case *should not be extended beyond the particular facts there involved.*'' (Emphasis in last sentence ours.)

For us to hold that the presence of the defendant at the hearing of a divorce action constitutes an entry of appearance giving the trial court jurisdiction, would be extending the rule laid down in the most recent pronouncement of the Supreme Court in the case of *State, ex rel. Haun,* v. *Hoffman, supra.*

The plaintiff contends also that the petition to vacate is barren of an allegation which could be construed that the defendant had a defense to the plaintiff's petition, citing Section 11637, General Code. We do not subscribe, however, to that theory. The decree of divorce was void for the reason that the defendant was never before the court. If such be true, it is not necessary to show a defense to the cause of action.

In the case of *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541, it is stated at page 461:

''And where the judgment was obtained without jurisdiction of the party, he was not required to tender a valid defense to the cause of action on which the judgment was rendered, in order to obtain relief against it.''

In the case of *Paulin* v. *Sparrow,* 91 Ohio St., 279, 110 N. E., 528, it is stated at page 287:

''Where it affirmatively appears from the record of a court of general jurisdiction that the defendant has not been legally served with process, a decree

purporting to determine the rights of such defendant is void.''

In the case of *Hayes* v. *Kentucky Joint Stock Land Bank,* 125 Ohio St., 359, 181 N. E., 542, the second paragraph of the syllabus is as follows:

''Such challenge is a direct attack upon the judgment, and it is not necessary in such petition to plead or at the hearing to prove that defendant has a valid defense to the action.''

For the foregoing reasons it is our conclusion that the trial court never at any time acquired jurisdiction over the defendant, and that the petition to vacate the judgment should have been allowed. The judgment is reversed and the cause remanded.

*Judgment reversed.*

HORNBECK, P. J., and WISEMAN, J., concur.