AUMAN, PLAINTIFF, *v.* AUMAN, DEFENDANT.

Common Pleas Court, Tuscarawas County.

No. 35762.   Decided April 27, 1962.

*Mr. Clayton Renner*, for plaintiff.
*Messrs. Syler & Redinger*, for defendant.

LAMNECK, J. The plaintiff in this action prays for a divorce from the defendant.

At the time of the filing of the petition on February 20, 1962, the defendant's address in the caption is given as Box 84, Daleville, Indiana.

With the petition an affidavit for Service by Publication was filed under Section 2703.15, Revised Code, said affidavit reading as follows:

"George F. Auman, being first duly sworn, says that he is the plaintiff in the foregoing action, that service of summons and copy of the petition herein cannot be made within this state, on the defendant, Ruth Ross Auman, that her place of residence is unknown to plaintiff and cannot with reasonable diligence be ascertained, and this action is for divorce against said Ruth Ross Auman and this affidavit is made in pursuance to law in such cases."

Service by publication was had for six consecutive weeks under a notice which reads as follows:—

"Ruth Ross Auman, whose place of residence is unknown, and cannot be ascertained, will take notice that on the 20th day of February 1962, the plaintiff, George F. Auman, filed his petition against her in the Court of Common Pleas of Tuscarawas County, Ohio, the same being cause No. 35762 in said court for divorce and other relief. Said defendant is required to answer said petition after the date of the sixth publication of this notice, published for six consecutive weeks or judgment will be taken against her.

"George F. Auman, Plaintiff
"By Clayton Renner, Attorney.
"Published Feb. 22, Mar. 1-8-15-22-29-1962."

Also attached to the petition was a precipe for summons requesting the Clerk of Courts to issue a summons for the defendant. Summons was issued on February 20, 1962, and was returned by the sheriff unserved for the reason that the defendant could not be found in Tuscarawas County.

A copy of the newspaper containing the first publication was delivered to the Clerk on February 20, 1962, and it was mailed by him addressed to the defendant at Box 84, Daleville, Indiana.

The defendant, coming into court solely for the purpose of filing a motion, asks to have service of summons on the defendant quashed for the reason that the publication did not "specifically notify the defendant as to the date when she must answer."

Section 3105.06, Revised Code, provides that:

"If the defendant in an action for divorce or for alimony is not a resident of this state, is a resident of this state but personal service cannot be served upon him, or his residence is unknown, notice of the pendency of the action must be given

by publication as provided by Sections 2703.14 to 2703.27, inclusive, Revised Code.

The affidavit for constructive service filed in this case as required by Section 2703.15, Revised Code, is sufficient to authorize service by publication.

The provisions of Sections 2703.16 and 2703.17, Revised Code, in so far as they relate to the number of publications and the mailing of the newspaper containing the first publication have been followed.

Under Section 2703.17, Revised Code, it is provided that the publication "must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed, *and notify the persons to be served when they are required to answer.*"

The published notice in this case as it relates to an answer, contains the statement, "Said defendant is required to answer said petition *after the date of the sixth publication of this notice,* published for six consecutive weeks or judgment will be taken against her." Is this sufficient to constitute compliance with the provisions of Sections 3105.06 and 2703.17, Revised Code?

There is no provision in the divorce statutes, Sections 3105.01 to 3105.99, inclusive, Revised Code, which directly provides for an answer or specifies when an answer may be filed. Section 3105.17, Revised Code, does provide that "either party to the marriage may file a petition for divorce or for alimony and when filed the other may file a cross-petition for divorce or for alimony." This is the only provision relating to pleadings in the divorce code.

An action for a divorce is a civil action. Section 2309.01, Revised Code, provides that the forms of pleading in civil actions in courts of record are those prescribed by Sections 2309.02 to 2309.70, inclusive, Revised Code. Section 2309.02, Revised Code, specifies under paragraph (c) for an "answer, which if it demands affirmative relief may be styled a cross-petition."

Section 2309.41, Revised Code, provides in part that an answer shall be filed on or before the third Saturday after the return day of the summons or service by publication.

However Section 2309.41, Revised Code, is not applicable to divorce cases. Section 3105.09, Revised Code, provides that—that "an action for divorce or for alimony may not be heard and

decided until after the expiration of six weeks from the service of summons or the first publication of notice." Section 3105.10, Revised Code, provides that "the Court of Common Pleas *shall hear* any of the causes for divorce charged in the petition and may, upon proof to the satisfaction of the court, pronounce the marriage contract dissolved and both of the parties released from their obligations."

In construing Sections 3105.09 and 3105.10, Revised Code, together, it is quite apparent that a defendant in a divorce action has six full weeks from the first publication of notice in which to file an answer in constructive notice cases, and that no default judgment can be entered if no answer is filed. There must be a hearing. The fact that the notice in the instant case contained the statement, "or judgment will be taken against her" is certainly erroneous and not authorized law.

Under Section 1.14, Revised Code, "the time within which an act is required to be done shall be computed by excluding the first and including the last day." Therefore, excluding the day of the first publication date, the first day on which a court would be authorized to hear a divorce case where service is obtained by publication would be the eighth day after the last publication date. It would therefore follow that the last answer date would be the previous day, or the seventh day after the last publication date.

Under the pronouncement in the case of *Goodkind* v. *Goodkind*, 18 Ohio App., 5, it was held that under Section 3105.09, Revised Code notice by publication in divorce cases need not fix a specific answer day as in ordinary civil actions, but in lieu thereof the defendant shall be notified by the publication that the cause will be for hearing on and after the day after six full weeks from the first publication.

The court is of the opinion that it is essential that a defendant shall have legal notice in a divorce case of the time when the defendant is required to answer. Where service of summons is had by publication this may be accomplished in two ways:—

1. By stating in the notice "that the cause will be for hearing on and after the day after six full weeks from first publication," or words to that effect. By inference such a statement

is tantamount to a statement that an answer must be filed on or before the seventh day after the last publication date.

2. By stating in the notice that the defendant is required to answer said petition on or before the seventh day after the last publication date, or words to that effect.

Section 3105.06, Revised Code, is a special statute, prevails over general statutes, and strict compliance therewith is mandatory. See *Beck* v. *Beck*, 45 Ohio App., 507, 187 N. E., 366.

Since the defendant in this case is a non-resident of the state of Ohio, Section 3105.06, Revised Code, provides in such a situation that the only method of service is by publication, and that such notice of the pendency of the action must be given by publication as required by Section 2703.17, Revised Code, which provides that the notice must "notify the persons to be served when they are required to answer."

The notice in the instant case states "said defendant is required to answer said petition *after* the date of the sixth publication of this notice." To one not conversant with the requirements of the law this would leave the impression that the answer date was indefinite, and not the same day of the week one week after the last publication date, or that the defendant could not answer before the day after the last publication date.

The court is of the opinion that the notice given did not notify the defendant when she was required to answer according to the mandatory provisions of Sections 3105.09, 3105.06 and 2703.17, Revised Code.

For this defect in the notice, the purported constructive service on the defendant will be quashed as prayed for.