OPINION
This matter presents a timely appeal from a judgment rendered by the Carroll County Common Pleas Court, Probate Division, issuing a final order of adoption to petitioner-appellee, Eric Donavan Knight, with respect to the minor children, Jessica Lynn Starkey and Kelsey Leanne Starkey, and thereby permanently terminating the parental rights of appellant, Tim Starkey.
Appellee married the biological mother of Jessica Lynn Starkey and Kelsey Leanne Starkey in October of 1997, and became a step-father to the minor children in question. On February 25, 1999, appellee filed two separate petitions for adoption with the trial court, seeking an order designating him as the adoptive parent of each minor child at issue. It was alleged in the petitions that the consent of the biological father was not required under law because appellant had not communicated with or supported the minor children for a period of at least one year. It was also stated in the petitions that appellant's current address was unknown and that his last known address was in Canton, Ohio. On the same date, the trial court filed its judgment entry setting a hearing on appellee's petitions and ordering that "notice be given as required by law." The biological mother of the minor children filed a consent to the adoptions.
A legal notice to be directed to appellant by publication was likewise filed with the trial court on February 25, 1999. Thereafter, an affidavit was filed with the trial court on April 22, 1999, verifying that legal notice to appellant regarding the within action was placed in a weekly newspaper of general circulation in Carroll County for three consecutive weeks.
Following the filing of a report on the proposed adoption by the investigator and a hearing, the trial court issued its final order of adoption concerning the minor children in question to appellee on April 22, 1999, thereby permanently terminating appellant's parental rights. No appearance was made by appellant at the hearing, however, the trial court specifically found in its order that notice had been provided to all interested parties. The trial court further indicated that appellant's consent to the adoption was not required because he had not communicated with or supported the minor children for a period of at least one year preceding the filing of the adoption petition.
Subsequent to the trial court's final order of adoption, appellant allegedly discovered that his parental rights concerning the minor children had been terminated and this appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN FINDING THAT PROPER NOTICE HAD BEEN GIVEN TO ALL PARTIES ACCORDING TO LAW."
Appellant argues that he was not properly served with notice of appellee's petition to adopt the minor children at issue and was not given an opportunity to be heard, thereby violating his constitutional right to due process. Appellant urges that appellee failed to satisfy the conditions precedent to utilizing service by publication pursuant to Civ.R. 73 (E) (6), in that he failed to execute and file with the trial court an affidavit alleging the necessity of employing service by publication in this matter.
Appellant further points out that since no record was made of the hearing before the trial court on April 22, 1999, it is unknown whether the trial court actually made inquiry of appellee's reasonable diligence in attempting to locate appellant. Appellant maintains the record simply reflects that notice of the pending petition for adoption was completed by publication without justification for the use of said method of service. Thus, appellant states that an affidavit setting forth the necessity for service by publication was required before such publication could effectively take place. As that did not occur in this case, appellant contends that he was denied his constitutional right of due process.
In support of his contentions, appellant cites to In reAdoption of Knipper (1986), 30 Ohio App.3d 214 and In reFrankenberg's Estate (1942), 70 Ohio App. 495. In Knipper, the main issue on appeal was whether reasonable diligence was used by the petitioning adoptive parents to ascertain the whereabouts of the biological mother. The court determined that the petitioner failed to use reasonable diligence in an effort to determine the address of the biological mother, thereby resulting in faulty constructive notice by publication. Given the state of the record before us, it is uncertain whether appellee's reasonable diligence was examined in the case at bar. As such, the diligence actually exercised by appellee, or alleged lack thereof, is not an issue for review in this appeal.
In Frankenberg, a divorce decree was attacked on the grounds that the wife, an out-of-state resident, was not properly served with summons by means of publication. In that case, the affidavit setting forth the necessity of service by publication was filed after publication had occurred for a period of six weeks. The Frankenberg court concluded that although an affidavit was ultimately filed, the record indicated no preliminary affidavit was timely filed and thus, the attempted service by publication was not authorized as publication without such affidavit is wholly void. Unlike Frankenberg, the present matter solely addresses probate proceedings, not domestic, and no affidavit purporting to address the issues required by Civ.R. 73 (E) (6) is found in the record.
Appellee acknowledges an affidavit setting forth the necessity for service by publication was not filed in this matter prior to utilizing such service. However, appellee points out that regardless of this fact, appellant's consent to the adoption was not required as a result of his failure to communicate with or support the minor children at issue for a period of at least one year. Appellee further concedes that no record of the adoption hearing was made in this matter. Appellee nonetheless submits that testimony was heard regarding the diligence utilized in attempting to locate appellant. Appellee urges that the procedural omissions in question did not render service upon appellant invalid.
The issue in this case is simply whether a preliminary affidavit setting forth the necessity for service by publication is required pursuant to Civ.R. 73 (E) (6) prior to utilizing such service.
R.C. 3107.11 (B) states that notice of the filing of a petition for adoption and hearing on such petition "shall be given as specified in the Rules of Civil Procedure." Civ.R. 73, which specifically addresses proceedings in a probate court, is the applicable civil rule and provides, in relevant part:
"(E) Service of notice
 "In any proceeding where any type of notice other than service of summons is required by law or deemed necessary by the court, and the statute providing for notice neither directs nor authorizes the court to direct the manner of its service, notice shall be given in writing and may be served by or on behalf of any interested party without court intervention by one of the following methods:
"* * *
 "(6) By publication once each week for three consecutive weeks in some newspaper of general circulation in the county when the name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained; provided that before publication may be utilized, the person giving notice shall file an affidavit which states that the name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained;
"(7) By other method as the court may direct." (Emphasis added).
In a more recent ruling, the appellate court for the Fifth District found that Civ.R. 73 (E) (7) offered an additional manner of service not set forth in Civ.R. 4.4. In the Matter of:the Adoption of Ashley and Amanda Lowery (Apr. 14, 1997), Licking App. No. 96-CA-00055, unreported. The court in Lowery also referred to the staff notes of Civ.R. 73 in stating that Civ.R. 73 (E) (7) "recognizes the court's power and specifically allows the court to tailor service of notice to particular needs."
The Lowery court concluded that pursuant to Civ.R. 73 (E) (7), the trial court was authorized to direct service of notice with regards to an adoption petition by publication for the requisite number of weeks, absent a supporting affidavit addressing the petitioner's due diligence in attempting to locate a residence. The Lowery court reached such conclusion primarily based upon the testimony which was presented during the adoption hearing before the trial court and which set forth the petitioner's attempts to ascertain the complaining party's address.
Neither the cases cited by appellant on appeal, nor those cited by appellee are analogous to the issue before us. However, we are persuaded by the ruling in Lowery.
Appellee admittedly failed to file the preliminary affidavit pursuant to Civ.R. 73 (E) (6) in this case. While, in accordance with Lowery, supra and Civ.R. 73 (E) (7), said failure is not necessarily fatal to a trial court's final order of adoption, the determination is nonetheless premised upon the reasonable diligence exercised by the petitioning party to locate the party to whom notice is due. The case at bar is distinguishable fromLowery only in that no record was made of the adoption hearing before the trial court.
As there was no record made and thus, no transcript of the testimony offered before the trial court, we are left to speculate as to whether the trial court actually determined that appellee utilized reasonable diligence in attempting to locate appellant, which would thereby have eliminated the necessity of filing a preliminary affidavit. (See Lowery, supra). Absent a transcript of the testimony presented below, we cannot review the basis for the trial court's decision in this regard.
Finally, appellee's contention that appellant's consent to the within adoptions was not necessary, is not material to the issue of whether a preliminary affidavit setting forth the necessity for service by publication is required pursuant to Civ.R. 73 (E) (6) prior to utilizing such service or whether appellee utilized reasonable diligence in attempting to locate appellant.
For lack of a record made of the hearing before the trial court on appellee's petitions for adoption and thereby, a lack of any transcript of testimony offered at such hearing concerning appellee's reasonable diligence to locate appellant, the judgment of the trial court is reversed and this cause remanded for further proceedings in accordance with law and consistent with this opinion.
Donofrio, J., concurs in judgment only. See concurring in judgment only opinion.
Waite, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE