Marshall, C. J.
 

 This error proceeding presents two questions for the consideration of this court: First, whether Section 6308, General Code, confers jurisdiction upon a justice of the peace holding office in one of the townships of a county other than the county of defendant’s residence, the injury having occurred in a township other, than that in which the justice holds office; second, the legal effect of a motion filed by an attorney for the defendant moving for a dismissal of the cause pending before the justice of the peace, “for the reason that the court in which this action is filed has no jurisdiction in the subject-matter involved.”
 

 We will first consider the question of the jurisdiction of the justice of the peace. If this question involved only the construction of Section 6308, General Code, and if it were only necessary to determine whether or not the Legislature intended to confer jurisdiction on courts of common pleas and not upon justices of the peace, we would have little difficulty. That section prior to its amendment on March 8, 1923, was as follows:
 

 “Actions for injury to a person or property,
 
 *200
 
 caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner in the county wherein such injured person resides. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
 

 It will be seen that no courts are mentioned in that section, and that the section does not in any way seek to enlarge or diminish the jurisdiction of any trial court or to give any trial court jurisdiction over any cause of action which it did not possess before that enactment. Injuries caused by the negligent operation of an automobile are not in any wise different from injuries caused by other acts of negligence, and it will not be disputed that justices of the peace have always had jurisdiction over such actions where the amount involved was less than $300, and that courts of common pleas have always had jurisdiction over such actions where the amount involved was more than $100. It is also undisputed that those courts have always had concurrent jurisdiction where the amount involved was between $100 and $300. Strictly speaking, therefore, Section '6308 is purely a venue statute.
 

 It is therefore necessary at the outset to have clearly in mind the distinction between jurisdiction and venue. That subject was fully discussed in the case of
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, at pages 356 and 357 of the opinion,
 
 *201
 
 140 N. E., 94, and, the decision in that case having been by the unanimous judgment of this court, we will refer to and adopt that decision without discussion in this opinion.
 

 Justices of the peace and courts of common pleas having jurisdiction over injuries caused by the negligent operation of automobiles, and neither court having been specifically mentioned in 'Section 6308, the only construction which could reasonably be put upon the first sentence of that section is that the Legislature intended that within the limitations of the jurisdiction of each of those courts, respectively, an injured person might bring his action either before a justice of the peace or in the court of common pleas in the township or county of his residence.
 

 This cause has been certified to this court for review by the 'Court of Appeals that heard the ease on the ground that it was in apparent conflict with the judgment of the Court of Appeals of the Fifth Appellate District in the case of
 
 Murdock
 
 v.
 
 Saum,
 
 reported in 26 Ohio Cir. Ct. (N. S.), 94. It was the opinion of the Court of Appeals of the Fifth District that Section 6308 only conferred jurisdiction upon a justice holding office in the township where the injury occurred. We are unable to place this construction upon Section 6308, and we are unable to see how the place of the injury has any relation whatever to the venue of the action. Nowhere in that section, prior to its amendment, is any reference made to the place of the injury.
 

 It is true that a justice’s court is a court of inferior jurisdiction and a tribunal with limited
 
 *202
 
 authority, and we recognize the rule that any statute conferring jurisdiction upon such a tribunal should be strictly construed, and that the authority conferred should not be made to extend beyond the plain import of the statute, and that the same should not be extended or expanded by inference. In the instant case, if the action had been brought before a justice of the peace in the township where the defendant resides, and summons properly served, there would have been no question of the jurisdiction, and, this being admitted, no question remains as to the jurisdiction of a justice of the peace over the subject-matter of the action. It being therefore only a question as to whether the cause should be heard by a justice of the peace in the township where the plaintiff resides, or before a justice of the peace in the township where the defendant resides, the question becomes one of venue rather than jurisdiction.
 

 It requires no argument or citation of authority to show that the venue of all trial courts within the state of Ohio is within the control of and subject to the policy of the General Assembly. We know of no limitation upon that statement, except that the Legislature must not transgress the limitations of the due process clause of the federal Constitution and Section 16 of the Ohio Bill of Rights. If we should hold that the Ohio Legislature has not the power to confer venue upon justices of the peace in the township where the plaintiff resides, and to give jurisdiction over the person of the defendant residing in another county, we would by the same token be compelled to declare several other statutes invalid.
 

 
 *203
 
 Section 10225 gives jurisdiction over defendants in adjoining counties in actions upon joint obligations, Section 10239 gives enlarged jurisdiction over railroad companies, and Section 10242 authorizes process to be issued by a justice of the peace to a sheriff of another county, and authorizes service of process in such other county. Section 10235-1 provides that in a certain class of actions summons may be issued by a justice of the peace directed to the constable of a township in an adjoining county, and authorizes service of such process in such adjoining county. The validity of those statutes has never been questioned, and we are of the opinion that all such venue statutes are within the limits of legislative authority.
 

 The recent amendment to Section 6308 (110 O. L., 407) permits such actions to be brought in the county where the injury occurred, which has the effect of taking away the right to bring the action where the injured person resides. It has been argued that this indicates that the statute as it formerly existed, and as it existed at the time this injury occurred, did not declare a sound legislative policy. However that may be, this court has nothing to do with legislative policies, and is bound to enforce the law as it existed at the time the injury occurred, and to recognize the new policy as to all injuries which occur after the amendment. We are of the opinion therefore that the action could properly be brought in Clinton township, Seneca county, where the injured party resided, provided summons was served upon the defendant in accordance with the latter provisions of Section 6308.
 

 Upon this branch of the ease we have reached
 
 *204
 
 the conclusion, that 'Section 6308 does not enlarge the jurisdiction of any trial court, but merely enlarges the geographic boundaries for the exercise of the general jurisdiction conferred by other statutes.
 

 We will next inquire the legal effect of the motion filed with the justice before trial.
 

 The Legislature having the power to provide for the issuance and service of summons, and the provisions of Section 6308 being clear and definite, it was only necessary in order to obtain jurisdiction over the person of the defendant in this case for the justice of the peace to issue a summons addressed to the sheriff of Frau Id in county to be served and returned by him. The summons was in fact directed to the bailiff of the municipal court of the city of Columbus. The summons was therefore defective, and if a motion had been filed to set aside the service, and the question properly saved, the justice of the peace would have been without jurisdiction over the person of the defendant. In serving process the provisions of the statute should be substantially followed. On the other hand there are many ways whereby the court can' acquire jurisdiction over the person of the defendant without regular service of process. A defendant may waive service and enter a voluntary appearance. Or, in the event of irregular service, many things may be done which are held to amount to a waiver of regular service and an entry of a general appearance to the action. It is not necessary to enter into a lengthy discussion of these different methods, for the reason that the former decisions of this court have established those
 
 *205
 
 principles with, sufficient clearness. It is established that an objection to the jurisdiction of the court over the subject-matter or a motion to dismiss the suit' or proceeding upon any grounds other than the court’s jurisdiction over the person operates as a general entry of appearance. Thus it was decided in
 
 Brundage
 
 v.
 
 Biggs,
 
 25 Ohio St., 652, that a motion for leave to answer is an entry of appearance. It was decided in
 
 Maholm
 
 v.
 
 Marshall,
 
 29 Ohio St., 611, that a motion to strike papers from the files has the same effect. In
 
 Southern Ohio Rd. Co.
 
 v.
 
 Morey, 47
 
 Ohio St., 207, 210, 24 N. E., 269, it was held that a motion to strike matter from a petition enters the appearance. The same was held in
 
 Long
 
 v.
 
 Newhouse,
 
 57 Ohio St., 348, 370, 49 N. E., 79. In
 
 Handy
 
 v.
 
 Ins. Co.,
 
 37 Ohio St., 366, and
 
 Smith
 
 v.
 
 Hoover,
 
 39 Ohio St., 249, it was held that a motion to dismiss for want of jurisdiction of the subject-matter amounts to an entry of general appearance. These two cases are therefore on all fours with the instant case. By filing the motion to dismiss for want of jurisdiction the defendant in this case entered his voluntary appearance in the action before the justice of the peace, and the justice therefore had full jurisdiction over the subject-matter and the person of the defendant. His judgment was therefore valid.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Wanamakeb, J., not participating.