By the Court.
 

 This action was instituted in the court of common pleas of Franklin county by Lura W. Black against Ellis M. Black, wherein the plaintiff sought a divorce from the defendant, based upon acts of the latter which she denominated gross neglect of duty and extreme cruelty, and also sought the custody of their child and reasonable alimony. The parties will be referred to herein as plaintiff and defendant as they appeared in the trial court. The issue was made by answer and reply, and upon hearing decree was granted to the plaintiff as prayed in her petition, which, upon proceeding in error, was affirmed by the Court of Appeals. A petition in error was thereupon filed in this court as of right, upon the ground that a constitutional question is involved; which question grows out of the claim that the trial court failed to give full faith and credit to a judgment, finding and decree rendered by the probate court of Suffolk county, Mass. That court,
 
 *393
 
 it appears, on June 24, 1920, upon an application of the defendant in this action filed in that court on June 3, 1920, notice whereof was served upon plaintiff herein, awarded the care, custody, and control of the child of the parties to this defendant, who was plaintiff in that action wherein the only question involved or presented was the custody of the child.
 

 The trial court in this action found from the evidence that there was a legal cause for separation, and that finding, upon review, was expressly affirmed by the Court of Appeals. We look to the record no further than to find there was evidence upon which to base such finding and decree.
 

 Plaintiff had been a resident more than one year when her petition was filed, on June 29, 1920, and service was also had on her amended petition filed January 20, 1921. Certainly the court had jurisdiction on the amended petition upon evidence to determine the question whether the plaintiff had established a residence in this state as required by statute, particularly in view of the provisions of 'Section 11982, General Code, that “when a wife files a petition for a divorce, or for alimony, the residence of her husband shall not be so construed as to preclude her from the provisions of this chapter.”
 

 In fact, the petition of plaintiff (defendant here) in the Massachusetts action referred to “Lura W. Black, formerly of said Boston, now of Columbus, Franklin county, state of Ohio.” No averment or representation whatever whs made therein as to the residence of the child, or its whereabouts, but the record discloses that the child was then and for
 
 *394
 
 nearly a year theretofore had been with her mother in Columbus.
 

 Surely, if there was jurisdiction in the common pleas court here to hear and determine the application for divorce or alimony, that jurisdiction would also extend to the determination of the custody of the minor child who had in fact been with her mother all the time referred to,] and prior to that decree the juvenile court of Franklin county, Ohio, in a proceeding under the statute, had made the child a ward of the court and placed her in the custody of- the mother.
 

 Upon the question of jurisdiction it need only be further stated that the defendant, hot merely by his pleadings, but by his appearance in open court, waived any question of jurisdiction over his person, as is well settled by a long line of decisions of'this court; the latest one, wherein the previous ones are’ cited, being
 
 Klein
 
 v.
 
 Lust, ante,
 
 197, 143 N. E., 527, decided April 15, 1924.
 

 This court might well have found that no debatable constitutional question was involved in this .case and sustained the motion to dismiss the same. The judgment of the.Court of Appeals is affirmed..
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.