# COMMON PLEAS COURTS

No. 362
## CASSIDY v. STATE
Hamilton Common Pleas Court

480. EVIDENCE—The term "home brew" is not of such a character to require the court to take judicial notice of its meaning, and liquor designated as such must be proved to be intoxicating.

661. INTOXICATING LIQUORS — The statute 6175 GC, providing that "when a fluid is poured out when premises are searched, it will be deemed to be prima facie intoxicating liquor", was enacted under local option laws prohibiting sale of liquor, and does not apply in prosecution under 6212-15 GC, which is part of the law passed under the constitutional amendment.

DARBY, J.

Charles Cassidy was convicted in the Mayor's Court of the village of North College Hill and fined on an affidavit charging him with unlawful possession of intoxicating liquors. Cassidy appealed the case to the Common Pleas and two questions were presented for consideration.

First: Did the Mayor have jurisdiction to try Cassidy?

Second: Did the evidence sustain the charge?

The Common Pleas Court held:

1. The office of mayor is a legal office and it cannot be attacked by motions to dismiss or to quash, or by demurrer to an affidavit in a prosecution charging unlawful possession of intoxicating liquor.

2. The evidence is, that when the officers approached the house, Cassidy broke the bottle of so-called "home brew". The court will not take judicial notice of its meaning and evidence will be necessary to prove the "home brew" was intoxicating.

3. Claim of the State that 6175 GC applies is not sufficient. 6175 GC was not enacted under the constitutional amendment, as was 6212-15 GC, which prohibits manufacture and sale of liquor, etc., and has no application to this case.

4. Cassidy should not have been convicted because he broke a bottle, which gave rise to an unfavorable presumption against him. Judgment reversed and case remanded.

Attorneys—Paul V. Connolly for Cassidy; Allen C. Roudebush for State; both of Cincinnati.

---

No. 363
## MAESCHER et v. SHAMMAN
Hamilton Common Pleas Court
Nos. 19074-81-84

GARNISHMENT—1. Interest of non-resident stock-holder of Ohio corporation may be reached by garnishment process, notwithstanding the fact that stock certificate is in possession of stock-holder.

2. Constructive service may follow, and motion of defendant to dismiss for want of jurisdiction, is a waiver of irregularities, and entry of appearance.

BY THE COURT.

Charles Maescher and Edith Immahort, residents of Hamilton County, filed their petitions in Common Pleas to recover money from C. F. Shamman, a resident of California. No property was levied upon or attached, but garnishee proceedings were served upon corporations in Ohio, each answering and showing that stock was owned in it by Shamman. It seems that Shamman was the executor of the estate of Louis Maescher, deceased. Shamman made a motion that the garnishee be discharged and the attachment issued be discharged and dissolved on the ground that the court had no jurisdiction of him. Upon the hearing of this motion the cause was decided. The Court of Common Pleas held:

1. The interest of a stockholder in the property of a private corporation represented by certificate of shares registered in his name, may be reached by garnishee process served upon the corporation. Norton v. Norton, 43 OS 509.

2. It was undoubtedly the intention of the legislature to subject the interest of a stockholder in a corporation to the same summary processes as any other property which is incapable of actual seizure by the sheriff. 8673-14 GC. Upon notice to the corporation, the stock is bound, under 5475, RS.; citing Cassiday v. Ellerhorst, 110 OS. 405, 413-414.

3. The motion of Shamman to dismiss petition, to discharge garnishee, and to dissolve the attachment subjects him to the jurisdiction of the court, and by the motion he waived the irregularities in the summons and enters a general appearance, citing a recent case, Klein v. Lust, 2 Abs. 276, 110 OS. 197. This motion will be overruled, and entry may be drawn sustaining the attachment and enjoining Shamman, the garnishee, from in any manner transferring or otherwise disposing of his interest in the respective corporations.

Attorneys—Clore, Schwab & McCaslin, and James Barrie for Maescher et; Clarence M. Smith for Shamman; all of Cincinnati.