## McKEE v. LIMING

Ohio Appeals, 4th Dist., Brown Co.

Decided May 28, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

TRIAL
(590 S) Service of process in a personal transitory action may be made on the defendant, although a non-resident of the state, in any county where he may be found, notwithstanding the action arose in another county. Exceptions in 11268-11271 GC., not applicable.
AUTOMOBILES
(50 Ac) Pedestrian may presume when he sees automobile approaching, that the latter will proceed in a lawful and prudent manner.
(50 Ac) Pedestrian not bound to anticipate negligence on part of the driver of approaching automobile.

Error to Common Pleas.
Judgment affirmed.

Young & Barnes, Georgetown, for McKee.
Bagby & Bagby, Georgetown, for Liming.

## STATEMENT OF FACTS.

William M. Liming recovered a judgment in the Common Pleas in an action in which he claimed damages for certain injuries sustained by him by reason of his having been struck by an automobile operated by McKee.

The first and, perhaps, the most important question arising in this case concerns the sufficiency of the service on the defendant. The latter was a resident of the state of Indiana. The injury forming the basis of the action occurred in Brown County, Ohio. Personal service was had on the defendant in Adams County, Ohio, by a summons issued from the Court of Common Pleas of Brown County. It has been sought to justify this service on the authority of Section 6308 GC. That section provides in its first sentence that action predicated on the negligence of the owner or operator of a motor vehicle may be brought in the county where the injury occurred. By its second sentence it authorizes the issuance of process to the sheriff of another county in which the defendant resides. It is now urged that inasmuch as the defendant was not a resident of Adams County at the time of service the case does not come within the provisions of the section referred to, which only covers the exceptional cases mentioned.
MAUCK, J.

We do not consider it necessary to give to Section 6308 GC., an interpretation broader than its literal terms in order to sustain the

service had in the instant case. That section relates to the venue of actions. **Klein v. Lust,** 110 OS. 197.

The chapter of the code beginning with Section 11268 GC., fixes generally the counties in which actions may be brought. This being a personal transitory action it could, of course, be brought in any county where service could be had on the defendant whether the defendant was a resident or non-resident. If a given defendant is a resident **Section 11277 GC.** enlarges the opportunity to sue him by authorizing the action to be brought not only in any county where he might be served but also in the county where he resided. If he is a non-resident of the state **Section 11276 GC.** enlarges the opportunity to sue him by authorizing an action to be brought not only in the county where he may be served but in the county where the cause of action arose in all cases save those covered by **Sections 11268, 11269, 11270 and 11271.** It will at once be seen that **Section 6308 GC.** had the purpose and effect only of changing the law providing the place where actions could be brought so far as residents are concerned. It made it possible to bring an action for negligence against a resident automobile operator in the county where the cause of action arose. It did not undertake to change the law of the venue of actions against non-residents because the law was already broad enough to enable them to be sued in any county where the cause of action arose whether for negligence in operating an automobile or for any other personal action with the exceptions already referred to. Inasmuch as the cause of action here sued upon arose in Brown County and inasmuch as this is not an action covered by **Sections 11268, 11269, 11270 or 11271,** and inasmuch as the defendant was a non-resident of the state of Ohio, this action was properly brought in Brown County, and this is wholly independent of **Section 6308 GC.** The service derives its validity from **Section 11282 GC.** in the chapter following that relating to venue. That section provides that when an action is rightly brought in one county summons may issue to another county. This section is not confined to instances where one defendant is resident of the county of venue and other defendants of other counties. It is the only section authorizing service in foreclosure and other local actions and requires no restricted construction. It authorizes service out of the county in all cases where the action is rightfully brought within the county.

We accordingly find that the service was good.

It is perfectly clear that if the defendant were traveling at an excessive rate of speed the plaintiff would not have been injured if the defendant had been traveling at a less rate for the plaintiff had almost crossed the road before he was struck. The plaintiff had a right to assume when he saw the defendant's approach that the latter was proceeding in a lawful and prudent manner. He was not obliged to anticipate any negligence on the part of the defendant. While the jury might under the facts adduced have concluded that the plaintiff was guilty of contributory negligence it was not bound to do so. We consider this feature of the case to be determined by the recent opinion of the Supreme Court in Trentman v. Cox, 118 OS. 247.

(Middletown, P.J. and Thomas, J., concur.)