Day, J.
 

 The question presented by this record goes to the jurisdiction of municipal and justices’ courts of this state over actions arising out of automobile accidents occurring within the territorial limits of said courts, where the defendants reside in the same county, but outside the territorial limits of such courts. The solution of the problem involves the construction of Section 6308, General Code, which provides:
 

 
 *144
 
 “Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
 

 In the third paragraph of the syllabus in the case of
 
 Klein
 
 v.
 
 Lust,
 
 110 Ohio St., 197, 143 N. E., 527, it was held: “Section 6308, General Code, does not enlarge the general jurisdiction of trial courts, but on the contrary is a venue statute which merely enlarges the geographic boundaries for the exercise of the general jurisdiction conferred upon such courts by other statutes.” See, also,
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73, 125 N. E., 126.
 

 Section 6308, General Code, gives the injured party the right to sue in the county wherein the injury occurs, and the sheriff of any county in the state wherein the party causing the injury resides may serve a summons upon him. But where accidents occur between parties all of whom live in the sáme county the injured person may sue before a justice of the peace by serving a summons within his own township, where the defendant is not a householder or freeholder, or by bringing the action and serving the summons within the township in which the defendant resides; and, if the injured person resides within the limits of a municipality which has a municipal court, the injured party may
 
 *145
 
 sue in such court. However, in the event the amount involved exceeds $100, the common pleas court of the county wherein both parties reside has full and complete jurisdiction.
 

 In the case at bar the amount claimed was $700, and the recovery $500; so that the defendant in error has never been deprived of a jurisdiction within which he might have brought his action, to wit, the court of common pleas. "When the Legislature has thus given a court with full and complete jurisdiction of parties who reside in the same county, why should it be necessary to grant another court with jurisdiction of parties so residing within the same county? We think that the section of the statute creating the municipal court of the city of Columbus (Section ' 1558-51, General Code) is conclusive by its language:
 

 “The municipal court shall have and exercise original jurisdiction
 
 within the limits of the city of Columbus
 
 as follows:
 

 i i
 
 # # #
 

 “2. In all civil actions and proceedings at law for the recovery of money #
 
 * *
 
 of which the courts of common pleas have, or may be given jurisdiction, when the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed seven hundred and fifty dollars * * ”
 

 Section 1558-54b, General Code, provides:
 

 “The municipal court shall have jurisdiction within the limits of the county of Franklin;
 

 “a. To compel attendance of witnesses; * * *
 

 “b. To issue executions on its own judgments;
 

 “c. In all actions and proceedings to enforce the collections of its own judgments;
 

 
 *146
 
 “d. In all actions and proceedings •where one or more defendants reside or are served with summons
 
 in the city of Columbus;
 

 “e. In all actions, criminal, quasi-criminal, civil and preliminary hearings in which justices of the peace have or may be given jurisdiction coextensive with the county in which they are elected and preside.”
 

 As was said in
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 140 N. E., 94: “Jurisdiction may exist to hear and determine causes of a certain class, and yet that jurisdiction may not be permitted to attach to certain cases by reason of limitations of venue.”
 

 We think that is the situation which prevails in the present instance. The venue is fixed by the boundaries of the city of Columbus, and the jurisdiction beyond that can only be extended by the provisions of Section 1558-54b, General Code. All of the parties to this action resided in Franklin county. The court of common pleas of this county was open to them, with full and complete jurisdiction over all parties to secure such relief as they sought. The law having thus given a forum for the remedy that the defendant in error sought to enforce, we do not think that he is entitled to invoke the aid of Section 6308, General Code, which grants to the sheriff of any county within this state the right and power to serve a defendant who resides in such county in an action brought in
 
 another
 
 county in the state “wherein such injury occurs.”
 

 Section 6308, General Code, should be construed to enlarge the venue of a trial court when summons must be sent to another county, and-it does not
 
 *147
 
 apply when it appears that both parties reside in the same county, the law giving full and adequate remedies in such case.
 

 Entertaining this view, it becomes our duty to reverse the judgment of the Court of Appeals and remand the cause to the municipal court, with instructions to sustain the motion to quash the summons herein.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkadb, Robinson, Jones, Matthias and Allen, JJ., concur.