TUCKER, APPELLANT, *v.* TUCKER, APPELLEE.

(No. 3645—Decided February 14, 1944.)

*Messrs. Meade, Weygandt, Held & Mills,* for appellant.

No appearance for appellee.

DOYLE, J. This was an action for divorce and alimony. Louise Tucker filed the suit in the Court of Common Pleas of Summit county and alleged various statutory grounds. Her husband was in the armed forces of the United States and stationed in California. Service of summons was not had upon him in the manner provided by the statutes. Several months subsequent to the filing of the petition, however, the defendant soldier executed in California and, personally and not by an attorney, filed in the case the following answer:

"Now comes the defendant, Charles M. Tucker, and waives the issuance and service of summons in this case, and enters his appearance herein, and admits that the plaintiff, Louise Tucker, has been a resident of the state of Ohio for more than one year last past and has been a *bona fide* resident of Summit county for more

than thirty days next before the filing of the petition; that she and this answering defendant were married on September 14, 1928, at Cleveland, Ohio, and that no children have been born as the issue of said marriage.

"Further answering, this defendant denies each and every allegation contained in plaintiff's petition, other than those herein specifically admitted to be true.

"(Signed) Lt. Charles M. Tucker.

"(Duly verified in Alameda county, California, before a notary public.)"

Subsequent to the filing of the answer, the defendant mailed to the clerk of courts the following letter, which was filed in the case on September 9, 1943:

"Clerk of Courts,

"Common Pleas Court,

"Summit County, Akron, Ohio.

"Dear Sir:

"In regard to the case of Louise Tucker v. Lt. Charles M. Tucker, No. 143069, this is to advise you that I do not wish to take advantage of the protection granted me by the act of Congress known as the soldiers' and sailors' relief act. Furthermore, I do not desire that my service with the armed forces be a bar to the hearing of this case, but am willing to have the case go forward at this time.

"I am herewith withdrawing my answer, which was filed July 26, 1943, and I am willing to permit the case to go forward as an uncontested matter.

"Very truly yours,

"(Signed) Charles M. Tucker,

"1st Lt., C.A.C., U. S. A."

The cause came on for hearing in October, 1943, and at its conclusion the court dismissed the plaintiff's petition. The journal entry of dismissal, from which the instant appeal is prosecuted, in part states:

"* * * the court finds from the allegations in plaintiff's petition and the evidence that, if it has jurisdiction in this cause over the defendant, the plaintiff is entitled to the relief as prayed for in her petition and is entitled to a decree of divorce from the defendant * * *."

The court continued by journalizing the following reasons for a lack of jurisdiction: 1, that the service of summons by the California sheriff was ineffective; 2, that "the filing of the answer by the defendant was ineffective in giving this court jurisdiction over the defendant"; 3, that "in an action for divorce the defendant cannot waive in writing the issuance and service of summons over the defendant and voluntarily enter his appearance."

We have no difficulty in determining that the defendant was not served with process in the manner provided by law. This being so, can he waive statutory service and enter his appearance by answer or otherwise, and, in so doing, give the Court of Common Pleas jurisdiction over his person?

The appellant attempts to prove the affirmative of the proposition, and in doing so relies largely on the case of *Black* v. *Black,* 110 Ohio St., 392, 144 N. E., 268, and the statement with reference to that case in 3 Ohio Jurisprudence, Appearance, Section 13, in the following language:

"An early supreme court case [*Ferrel* v. *Ferrel,* 1 O. Dec. Rep., 135] held that appearance in a divorce action does not waive the statutory requirement that a divorce action cannot be heard until six weeks after the service of process, on the ground that the statute is peremptory. This case has been followed in a common pleas decision [*Edwards* v. *Edwards,* 20 N. P. (N. S.), 605] and in a later supreme court decision [*Guthrie* v. *Guthrie,* 46 Bull., 285]. But a still later supreme

court case [*Black* v. *Black*, 110 Ohio St., 392], *which does not distinguish the effect of appearance in divorce cases from the effect of appearance in other cases, holds that an appearance without service of process in a divorce case gives the court jurisdiction over the person of the defendant.*" (Italics ours.)

The author of the Ohio Jurisprudence article apparently founded his comment on the following language of the *Black case* (at p. 394):

"Upon the question of jurisdiction it need only be further stated that the defendant, not merely by his pleadings, but by his appearance in open court, waived any question of jurisdiction over his person, as is well settled by a long line of decisions of this court; the latest one, wherein the previous ones are cited, being *Klein* v. *Lust, ante,* 197, 143 N. E., 527 * * * ."

Neither *Klein* v. *Lust* (110 Ohio St., 197, 143 N. E., 527) nor the cases therein cited were actions for divorce or alimony.

Without further comment on the above quoted language in the controversial case, reference is made to the court's statement on page 393 of the report:

"Plaintiff had been a resident more than one year when her petition was filed, on June 29, 1920, *and service was also had on her amended petition filed January 20, 1921.*" (Italics ours.)

An investigation of the records of the Supreme Court in this connection reveals that on April 11, 1921, the Court of Common Pleas of Franklin county found that the defendant had "been legally summoned by publication both of the filing of the original petition and the amended petition"; that later, on May 17, 1921, there was a hearing on a motion of the defendant challenging service, and the court found that neither a

summons nor a copy of the amended petition had been mailed to the defendant, and as a result thereof stayed further proceedings until the completion of statutory service. The next entry of the court, dated March 27, 1922, recites that the case was heard on the petition, amended petition, answer and reply, and that, in consideration of the submitted evidence, including the issue as to plaintiff's residence, the court awarded a divorce and the custody of the child to the plaintiff.

It is fair to presume from the foregoing that, when the Court of Common Pleas of Franklin county finally heard the action on its merits, proper statutory service had been had, and that the Common Pleas Court record before the Supreme Court was the basis for that court's statement on the question of service quoted above.

In view of this investigation of the original records in the *Black case,* it is apparent that the case is not authority for the claim of the appellant, nor for the comments in Ohio Jurisprudence hereinbefore set forth, for the reason that the question of proper service of process was not in issue insofar as the action for divorce was concerned.

We do not believe it necessary to cite the many authorities noted in the digests which declare that, in actions for divorce, the Ohio statutes governing service of process are exclusive and mandatory. In this state, a defendant in a divorce action cannot waive jurisdiction of his person by a pleading, by personal appearance, or in any other manner, and thus confer jurisdiction upon the court to hear and determine the cause. Jurisdiction over the person of a defendant to dissolve a marriage relation can be acquired only by strict compliance with the statutes of the state.

Reference is made to the many authorities cited in

314

the careful and complete opinion of Judge Hunsicker of the trial court, which is filed in this case and reported in 27 Ohio Opinions, 185.

The judgment is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.