MEEKER, APPELLEE, *v.* WERNER, APPELLANT.

(No. 4476—Decided March 5, 1951.)

*Mr. Collis Gundy Lane* and *Mr. Richard Huggard,* for appellee.

*Messrs. Benoy & Sebastian,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County affirming a judgment of the Municipal Court of Columbus.

The action grew out of an automobile collision which took place between the automobile driven by the plaintiff and the automobile driven by the defendant in the city of Columbus on the 9th day of July 1947.

The plaintiff, appellee herein, Harvey C. Meeker, is a resident of Columbus. The defendant, appellant, Henry W. Werner, was at the time of the automobile collision and at the time of institution of the suit a resident of the city of Newark, Licking county, Ohio.

Upon the action being instituted in the Municipal

Court of Columbus, summons was issued to the bailiff of that court and the bailiff mailed the summons to the defendant at his residence in Newark, Ohio. The defendant, reserving his appearance, filed a motion to quash the service of summons and the return thereof. This motion was overruled. The defendant answered, "Not entering, or intending to enter his appearance, and reserving his exceptions to the order of the court, overruling the defendant's motion for an order setting aside the service of summons," and for his first defense alleged that "this court has no jurisdiction over the person of the defendant, Henry W. Werner, for the reason that the service was not made in accordance with Section 6308 of the General Code of Ohio and the attempted service is void." The second defense was on the merits.

The case was tried to the court without the intervention of a jury and judgment was rendered against the defendant in the amount of $725.33.

The defendant claims that the trial court erred in overruling his motion to quash the service of summons, and that the trial court did not acquire jurisdiction over the person of the defendant. In support of this contention defendant cites Section 6308, General Code, which provides as follows:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

The summons in this action was not issued to the

sheriff of Licking county and defendant contends that the provision of Section 6308, General Code, being mandatory, the court did not acquire jurisdiction over the person of the defendant, and that as a consequence the attempted service of summons and judgment were void.

The case of *Klein* v. *Lust*, 110 Ohio St., 197, 143 N. E., 527, is cited in support of the contention of the defendant. In that case the court, on page 204, said:

"The Legislature having the power to provide for the issuance and service of summons, and the provisions of Section 6308 being clear and definite, it was only necessary in order to obtain jurisdiction over the person of the defendant in this case for the justice of the peace to issue a summons addressed to the sheriff of Franklin county to be served and returned by him. The summons was in fact directed to the bailiff of the Municipal Court of the city of Columbus. The summons was therefore defective, and if a motion had been filed to set aside the service, and the question properly saved, the justice of the peace would have been without jurisdiction over the person of the defendant. In serving process the provisions of the statute should be substantially followed."

The plaintiff in the instant case contends that the provisions of the Columbus Municipal Court Act permit service to be issued to the bailiff of that court and served by mail on a defendant residing in another county. The substance of the provisions of Section 6308, General Code, is found in Section 1558-51, General Code, which is the jurisdictional section applicable to the Municipal Court of Columbus. Paragraph 9 of the latter section provides as follows:

"Actions for injury to a person or damage to property, caused by the negligence or wilful or wanton misconduct of the owner or operator of a motor vehicle,

may be brought by the person injured, or owner of the property damaged, against such owner or operator when such injury or damage occurs within the city of Columbus, and when the amount claimed by the plaintiff does not exceed fifteen hundred dollars. In such cases judgment may be rendered for over fifteen hundred dollars when the excess over fifteen hundred dollars shall consist of interest or damages or costs accrued after the commencement of the action. *A summons in such actions against any defendants shall be issued as hereinafter provided by this act or shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside* and be served as in other civil actions, notwithstanding any contrary provisions of law for the service of summons in civil actions. In any such actions summons or other process may also be served as provided by Sections 6308-1 to 6308-5, inclusive, of the General Code." (Emphasis ours.)

This section provides that summons shall be issued "as hereinafter provided by this act" or "shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside." It is contended by the plaintiff that if there is any inconsistency between Section 1558-51, General Code, and Section 6308, General Code, the provision in the Columbus Municipal Court Act controls inasmuch as it is a later legislative enactment. We find no inconsistency existing between the two sections. The provision of Section 1558-51, General Code, for the issuing of service to the sheriff of any county within the state wherein such defendant resides conforms and is consistent with the provisions of Section 6308, General Code. Section 1558-51, General Code, does provide that "a summons in such actions against any defendants shall be issued as hereinafter provided by

this act.'' We must then examine the Columbus Municipal Court Act to determine whether other provisions are contained therein for issuing of service to the bailiff of the Municipal Court of Columbus in such an action where the defendant resides in another county. Section 1558-53, General Code, is cited by the defendant in support of his contention that service must be issued in such actions to the sheriff of the county where a defendant resides. This section reads as follows:

"In any action or proceeding of which the Municipal Court has jurisdiction of the subject matter, when the defendant or some one of the defendants, resides or is served with summons in the city of Columbus, the Municipal Court shall have jurisdiction, and summons, orders of interpleader and all other writs and mesne and final process, including executions, necessary or proper for the complete adjudication of the issues and determination of the action may be issued to the sheriff of any county against one or more of the parties.''

This section is not limited in its application to the type of action which we have under consideration here, although if its provisions are applied to this type of action it would require the service of summons to be issued to the sheriff of Licking county. The plaintiff places reliance upon the provisions of Section 1558-59, General Code, the first paragraph of which reads as follows:

"Civil actions and proceedings in the Municipal Court shall be commenced by filing a petition upon which summons or writ shall be issued by the clerk. The form of summons or writ shall be prescribed by rule of court, except as hereinafter otherwise provided.''

Paragraph four of the same section provides:

"The laws relating to practice and procedure in actions before the Common Pleas Court defining the rights and obligations of parties and prescribing the

powers and duties of officers thereof, shall apply to like proceedings in the Municipal Court in so far as consistent with the provisions of this act and with other laws relating to said Municipal Court."

The plaintiff also points out the following provisions in Section 1558-83, General Code:

"They [bailiffs] shall be governed by all laws pertaining to sheriffs and deputies, and shall serve all process of said court in the manner provided by Sections 1558-46 to 1558-93, both inclusive, of the General Code and the laws relating to sheriffs and the rules of the court."

We believe it is well to point out here that a distinction must be drawn between the provisions controlling the issuing of service and the provisions applicable to the manner in which summons shall be served and returned. The question for determination here is: To whom must service be issued by the clerk of the Municipal Court in this type of action.

Reference is made in several sections of the Columbus Municipal Court Act to rules of court. Rule 12 of the Columbus Municipal Court provides for service by first-class mail, pursuant to the provisions of Section 11297-1, General Code. However, service by mail is not proper in this type of action if the applicable statutory requirements provide for service to be issued to the sheriff of the county where the defendant resides. Rule 10 of the Columbus Municipal Court provides that service "shall be directed to the bailiff of this court, or the sheriff of the proper county," etc. Here again we find rule 10 not inconsistent but conforming to the provisions of Section 6308, General Code.

We fail to find any provision in the Columbus Municipal Court Act which specifically provides that summons in this type of action may be issued to the bailiff

of that court when the defendant resides in another county. We definitely hold that summons should have been issued to the sheriff of Licking county where the defendant resided.

The trial court committed prejudicial error in overruling defendant's motion to quash the service of summons. The court did not acquire jurisdiction over the person of the defendant and, therefore, the judgment rendered is void and of no effect.

We find no merit in other errors assigned to the effect that evidence was improperly admitted; that the amount of damages awarded are excessive and not supported by the evidence; and that the judgment is not sustained by sufficient evidence and is contrary to the manifest weight of the evidence.

We do find the judgment of the trial court to be contrary to law as it relates to the question of defective service.

For error prejudicial to the rights of the defendant, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and MILLER, J., concur.