Weygandt, C. J.
The sole question requiring the attention of this court is that of jurisdiction.
Did the trial court have the jurisdiction to determine the issue of custody of the two minor children?
Both lower courts answered the question in the affirmative, but this court is unanimously of the view that this was error.
The facts are simple.
The family lived in Zanesville, Ohio. After differences arose between the husband and the wife, the latter left the home on January 12, 1952. More than a year later on April 21, 1953, the wife and children moved to the state of West Virginia where they have continued to reside. On April 28 — seven days after the departure of the wife and children from Ohio— the husband instituted this action in the Court of Common Pleas of Muskingum County, Ohio, where the city of Zanesville is located. By reason of the defendant’s absence from this state, service of summons was ob *61 tained by means of publication, as provided by statute.
This court finds itself in agreement with the rule as summarized in the following statement appearing in 27 Corpus Juris Secundum, 1163:
“The court can not award custody where it has no jurisdiction of the person of defendant and the child is not within the state. * * *
“In granting a divorce on substituted service where defendant and the infant children are not within the jurisdiction, the court has no power to award the custody of the children to plaintiff * *
Likewise, on page 57 of the Restatement of the Law of Conflict of Laws, the rule is stated as follows:
“The minor child’s domicil, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given; if there has been no legal fixing of custody, its domicil is that of the parent with whom it lives * *
To the same effect is the decision in the case of May v. Anderson, 345 U. S., 528, 97 L. Ed., 1221, 73 S. Ct., 840.
As observed by the Court of Appeals, the authorities are not unanimous. However, it would seem that this clearly should be the rule applicable to the conceded circumstances of the instant case.
It is important to note the facts that when the defendant wife and children moved from Ohio to West Virginia, more than a year after the separation, this court action had not been instituted; that the only service obtained on her was merely by publication; that she never entered her appearance except for the limited and special purpose of objecting to the jurisdiction of the court over the issue of custody of the children; that the defendant never returned to Ohio during the pendency of this action; and that the children likewise remained out of this state.
*62 Under these circumstances the trial court would have been without jurisdiction to adjudicate even the issue of the marital status except for the statutory procedure of service by mere publication.
In his opinion the trial judge scathingly refers to what he terms the defendant wife’s “inexcusable, wanton and needless departure from Ohio in order to continue to try to flout the obligations of marriage and the interests of her children and their legal domicil with their father here in Muskingum County.” Inasmuch as this matter is being considered on the defendant’s demurrer to the plaintiff’s petition, it should be noted that the plaintiff himself makes no such accusation. According to his allegations, his wife left their home on January 12, 1952, but did not go to West Virginia until April 21, 1953. If it was in fact her purpose to flout the jurisdiction of the Ohio courts, it would seem that she hardly can be accused of undue haste since her hegira did not take place until one year and three months later; it occurred seven days before the instant action was instituted. Hence, there was no pending litigation whatsoever to interfere with her departure.
The trial court relied on the provisions of Section 8002-2, General Code (Section 3103.02, Revised Code), to the effect that the husband is the head of the family, and “may choose any reasonable place or mode of living, and the wife must conform thereto. ” However, it is important to observe that this right of the husband is not absolute but, by the terms of the statute itself, has its limitations. The place or mode of living must be reasonable. He can not mistreat his family and still compel them to live where and in the manner he dictates. Hence, if the plaintiff mistreated his wife and children, they were not required to remain with him and be subjected to that punishment. 26 Ameri *63 can Jurisprudence, 639, Section 10; 21 Ohio Jurisprudence, 332, Section 2.
The plaintiff; relies on the decision of this court in the case of Black v. Black, 110 Ohio St., 392, 144 N. E., 268. The inapplicability of that decision to the instant case is at once apparent when it is noted, first, that the defendant husband “not merely by his pleadings, but by his appearance in open court, waived any question of jurisdiction over his person,” and, second, that the minor child ‘ ‘ had in fact been with her mother all the time referred to.”
In the instant case the lower courts were in error in refusing to sustain the demurrer of the defendant wife objecting to the jurisdiction of the court over the issue of custody of the minor children. The judgment below must be reversed and final judgment rendered for the defendant on that issue.

Judgment reversed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.