Frost, Appellee, *v.* Frost, Appellant.

(No. 218—Decided November 23, 1960.)

Mr. *Russell A. Malrick* and Messrs. *Wilson, Wilson & Wilson*, for appellant.
Mr. *Tom Reed*, for appellee.

COLLIER, J. This appeal on questions of law is directed to a judgment of the Common Pleas Court of Pike County in an action for divorce, granting a divorce to James Frost, plaintiff, appellee herein, and awarding the custody of a minor child to him. Ruth C. Frost, defendant, appellant herein, has perfected her appeal on questions of law to this court claiming that the Common Pleas Court did not have jurisdiction of her person by reason of defective service of summons on her. The parties will be referred to herein as the plaintiff and defendant in the same position they appeared to the court below.

The defendant did not file a bill of exceptions, and, this being an appeal on questions of law only, in our consideration of claimed error we are confined to an examination of the pleadings and journal entries. 3 Ohio Jurisprudence (2d), 266, Section 359.

The record discloses that plaintiff's petition was filed September 11, 1957, and on the same day a summons in divorce was issued by the clerk directed to the Sheriff of Athens County to notify Ruth C. Frost, by serving Herbert Foeckler, Superintendent of Athens State Hospital, that James Frost had filed his petition for divorce. The sheriff's return of this summons shows that Ruth C. Frost was not served, "Reason: She is out on trial visit."

Also on September 11, 1957, a summons was issued by the clerk directed to the Sheriff of Cuyahoga County to notify Ruth

C. Frost of the filing of plaintiff's petition. The sheriff's return of this summons shows that the defendant was served personally with such summons.

On September 2, 1958, Blanche Wilkie, the duly appointed guardian of Ruth C. Frost, filed an answer and cross-petition to plaintiff's petition admitting the marriage and birth of the minor child and denying all other allegations of plaintiff's petition.

In her cross-petition, defendant's guardian sought alimony, custody of child, attorney's fees and a determination of property rights.

On May 18, 1959, on application of the plaintiff, Blanche Wilkie was appointed guardian *ad litem* and/or trustee for the suit for the defendant.

On June 22, 1960, the defendant filed an answer withdrawing the cross-petition filed by her guardian and alleging that she had been relieved of her disability and was no longer under the control of the Probate Court of Pike County. In her answer, the defendant admits the marriage and birth of the child, now fifteen years old, as alleged in plaintiff's petition and denies all other allegations therein contained.

The record also discloses several appearances by the defendant in open court in hearings relating to temporary alimony and custody of the child, and, also, that when the case was heard on June 21, 1960, both parties were before the court. So far as the record shows, the jurisdiction of the Common Pleas Court was not challenged until the motion for a new trial was filed. No motion to quash the service of summons was ever filed.

The single question to be determined in this appeal is whether, under these circumstances, the Common Pleas Court acquired jurisdiction of the defendant. It must be presumed from the facts that the defendant was on a trial visit from the Athens State Hospital, as shown by the return of the summons directed to the Sheriff of Athens County, that an answer and cross-petition were filed by defendant's guardian, that later the defendant filed an answer alleging that she had been relieved of her disability and that defendant thereafter appeared on several occasions in open court in person and was present at

the hearing on the merits, and that at the time of the issuance and service of summons the defendant was a patient at Athens State Hospital and an incompetent person.

The defendant contends that Section 5125.13, Revised Code, provided the only mode of service of summons on her when she was an inmate of the Athens State Hospital, that there was no compliance with this statute and that, therefore, this court never obtained jurisdiction of her person.. Section 5125.13, Revised Code, reads as follows:

"A citation, order, or process required to be served on an inmate of a state hospital for the criminally insane and psychopathic or a state institution for mentally deficient offenders shall be served only by the respective superintendent in charge, who shall make return to the court from which it issued. Such service and return shall have the same force and effect as if made by the sheriff of the county."

As we construe this statute, it has no application to the situation presented by this record. This statute expressly applies only to a state hospital for the criminally insane or an institution for mentally deficient offenders. The defendant was in neither class. The statutes of Ohio make no specific provisions for the service of process on an insane person in an action in the Common Pleas Court. Specific provisions concerning the service of process on infants are made in Section 2703.13, Revised Code, and Section 2101.29, Revised Code, prescribes the manner of service of process upon adults under disability in actions in the Probate Court; but in actions against an insane person in the Common Pleas Court they should be served with process as other parties are required to be served. 29 Ohio Jurisprudence (2d), 584, Section 44; *Stuard, Gdn.,* v. *Porter, Admr.,* 79 Ohio St., 1, 85 N. E., 1062. The second paragraph of the syllabus in the *Stuard case* reads:

"Where in such case the guardian waived the issue and service of process and entered his appearance, and summons was issued to another county for the insane defendant and the same was personally served upon him by the sheriff of such county, and subsequently the plaintiff dismissed the action as to the guardian only, it is error for the court to quash the serv-

ice on the insane defendant and to dismiss the action for want of jurisdiction over his person."

The defendant in the instant case was served personally by the Sheriff of Cuyahoga County, her guardian filed an answer and cross-petition for the defendant and was appointed guardian *ad litem* for the defendant. Later the defendant, having been relieved of her disability, assumed her own defense by filing an answer and appearing in person and being represented by counsel. Defendant did not object to the jurisdiction of the court until after final hearing of the cause and when an adverse judgment had been rendered against her.

Under these circumstances, the court acquired jurisdiction of the defendant, no applicable statutes concerning service of process on the defendant were violated and the statutory safeguards for the benefit and protection of the defendant were well preserved throughout the proceedings.

Assuming, for the purpose of argument, that the service of summons on the defendant was irregular, did not she, by her conduct, waive such irregularity? In the case of *Tucker* v. *Tucker*, 143 Ohio St., 658, 56 N. E. (2d), 202, it is held:

"In an action for divorce, the court acquires jurisdiction of the defendant where he, after personal service irregularly made on him which is not quashed or sought by him to be quashed, files an answer in which is incorporated an entry of appearance, a waiver of issuance and service of summons, and a denial of material averments of the petition."

In the opinion, Williams, J., said: "It cannot be soundly asserted that the defendant may never enter his appearance and submit his person to the jurisdiction of the court in a divorce action." And, in *Black* v. *Black*, 110 Ohio St., 392, 144 N. E., 268, the following statement appears in the opinion: "Upon the question of jurisdiction it need only be further stated that the defendant, not merely by his pleadings, but by his appearance in open court, waived any question of jurisdiction over his person, as is well settled by a long line of decisions of this court." And in *State, ex rel. Engh,* v. *Hoffman, Judge,* 146 Ohio St., 193, 65 N. E. (2d), 59, it is held:

"Under Section 11979 *et seq.*, General Code, an entry of

appearance of itself does not give jurisdiction over the person of a defendant in a divorce case; but where in such a case personal service of process, though irregular, is neither quashed nor sought to be quashed and is followed by an entry of appearance by the filing of an answer or otherwise, the safeguards provided for in the statutes are preserved and the court acquires jurisdiction of the person of the defendant. * * *''

The conduct of the defendant in filing her answer, appearing in open court, defending the action against her, applying for affirmative relief and not objecting to the jurisdiction of the court until she received an adverse judgment clearly brings this case within the rule on waiver of service of summons in a divorce action as pronounced in the *Tucker* and *Engh cases, supra.*

Having disposed of this appeal on the merits, it is not necessary for this court to rule on the three motions filed in this court by the plaintiff. There being no error prejudicial to the rights of the defendant, the judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

GILLEN, P. J., and RADCLIFF, J., concur.