lowed by such an insurer who has been found subject to the court's jurisdiction under Section 3901.17, Revised Code.

It is this court's belief that until such time as a foreign or alien insurer is found to be properly before an Ohio court by virtue of the reach of Section 3901.17 the procedural requirements of Section 3901.18 cannot be enforced against such insurer.

The requisite jurisdictional determination has not yet been made herein. It is, therefore, this court's conclusion that defendant cannot be made to comply with Section 3901.18, Revised Code, nor its sanctions imposed against defendant, until such time as the jurisdictional issue is concluded. Plaintiffs' motion to strike defendant's answer is denied.

*Motion denied.*

CARBIN ET AL. *v.* MAJOR ET AL.

[Cite as Carbin v. Major, 8 Ohio Misc. 176.]

No. 436714—Decided September 16, 1966.)

Akron Municipal Court.

REED, J. Plaintiffs filed action in the Akron Municipal Court against Sarah Avanelle Major, a minor, and Sarah Ellen Major, her mother, for damages arising out of a motor vehicle accident which occurred within the city limits of Akron, Ohio,

and within the territorial jurisdiction of the Akron Municipal Court.

Summons was issued to the Bailiff of the Akron Municipal Court who obtained residence service on the two defendants at their residence at 2536 Major Road, Peninsula, Ohio, which is within the County of Summit but outside of the territorial jurisdiction of the Akron Municipal Court. Defendants reside and were served in Boston Township which is within the territorial jurisdiction of the Cuyahoga Falls Municipal Court.

Defendants object to the jurisdiction of the Akron Municipal Court on the ground that defendants are not within the territorial jurisdiction of the Akron Municipal Court. Since the amount claimed is $750.00 the amount is within the monetary jurisdiction of the Akron Municipal Court.

Section 1901.02, Revised Code, provides:

"The municipal courts, established by Section 1901.01 of the Revised Code, have jurisdiction within the corporate limits of their respective municipal corporations * * *"

"The Akron Municipal Court has jurisdiction within Bath, Northampton, Richfield and Springfield townships and within the corporate limits of the municipalities of Fairlawn and Lakemore and within the portion of the municipality of Mogadore in Summit County."

Section 1901.19, Revised Code, provides:

"Subject to Section 1901.17 of the Revised Code, a municipal court has jurisdiction within the limits of the county or counties in which its territory is situated:
" * * *

"(D) In any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or some one of the defendants resides or is served with summons within the territory."

The case of *Bernett* v. *Radlick*, 104 Ohio App. 265, 4 O. O. 2d 410 (1957), held that Section 4515.01, Revised Code, does not extend the jurisdiction of a municipal court beyond its territorial limits to include county-wide jurisdiction where the injury caused by the use of a motor vehicle occurred within its territory. The court relied on *Yontz* v. *McCritchen*, 121 Ohio St. 142. The question of the situs of the subject matter was not raised.

*Gastaldo* v. *Parker Appliance Co.,* 173 Ohio St. 181, 18 O. O. 2d 463, holds as follows:

"An action to recover for claimed negligence in a particular territory, where such negligence is claimed to have proximately caused injury in that territory, is an action in which 'the subject matter of the action * * * is located within' such 'territory,' as those words are used in Section 1901.19 (D), Revised Code."

The only distinction between the *Gastaldo case* and the matter now before the court is the fact that the *Gastaldo case* involved a defendant allegedly causing injury by operation of a power lawn mower and the instant case involved damages caused by one of the defendants operating a motor vehicle.

The other defendant, mother of the minor defendant, was joined by reason of having signed the minor's application for a driver's license.

This court is unable to find that Section 4515.01, Revised Code, which pertains to venue in motor vehicle accident cases is applicable in the situation where both plaintiff and defendant reside in the same county.

Under the *Gastaldo case* above mentioned, the Akron Municipal Court has jurisdiction of the subject matter and thus can serve defendant anywhere within the County of Summit.

*Motion overruled.*