Zimmerman, J.
 

 The several Municipal Courts of the State of Ohio are creatures of statute, and their jurisdiction and powers are only such as are conferred by statute.
 

 The Municipal Court of Columbus was created in 1913 by Act of the General Assembly, and Sections 1558-46 to 1558-93b, inclusive, of the General Code, are devoted to such court. That court is a court of record, consisting of a presiding judge and four other judges, who “shall have been admitted to the practice of law for at least five years.” The compensation of the judges is in a fixed amount, received through contributions of the treasuries of Franklin County and of the City of Columbus. The original jurisdiction of the court is prescribed by Section 1558-51, General Code. In so far as the same is pertinent to a determination of this proceeding, that section provides:
 

 “The municipal court shall have and exercise original jurisdiction within the limits of the city of Columbus as follows:
 

 “1. In all actions and proceedings of which justices of the peace have or may be given jurisdiction.
 

 “2. In' all civil actions and proceedings at law for the recovery of money or personal property of which the courts of common pleas have, or may be given jurisdiction, when the amount claimed by any party, or the appraised value of the personal property sought
 
 *444
 
 to be recovered, does not exceed seven hundred and fifty dollars; and in such actions judgment may be rendered for an amount over seven hundred and fifty dollars when the excess over seven hundred and fifty dollars shall consist of interest, damages, or costs accrued after the commencement of the action.
 

 “3. All actions on contracts express or implied when the amount claimed by the plaintiff, exclusive of all costs, does not exceed seven hundred and fifty dollars. When a cause arising out of contract is pending in the municipal court and the ends of justice demand that an account be taken, or that the contract or contracts be reformed or cancelled, the municipal court shall have jurisdiction to decree such accounting, reformation or cancellation.”
 

 Plaintiffs take the position that subdivision 1 of Section 1558-51 not only embraces and contemplates the jurisdiction which has been given justices of the peace by the General Assembly, but also includes “cases in which justices have no jurisdiction,” as enumerated in Section 10232, General Code.
 

 Subdivisions 5 and 6 of the last mentioned section deny justices jurisdiction “In actions on contracts for real estate;” and “In actions in which the title to real estate is sought to be recovered, or may be drawn in question, * *
 

 In order to sustain plaintiffs’ contention we must add to subdivision 1 of Section 1558-51, General Code, by implication, the following: “but no jurisdiction in those cases in which justices of the peace are denied jurisdiction.”
 

 The General Assembly has not seen fit to do this, and we do not feel warranted in doing so by dubious construction.
 

 Subdivision 3 of Section 1558-51, General Code, granting to the municipal court original jurisdiction in
 
 “all actions on contracts
 
 express or implied”, where the amount involved is not over seven hundred and
 
 *445
 
 fifty dollars, is sufficiently broad and comprehensive to cover actions on real estate contracts within the prescribed amount.
 

 The suit in the Municipal Court was one on contract, and the amount claimed was $177.00 with interest. If the Finleys feel aggrieved by auy judgment which may be recovered against them in the Municipal Court, they are given the right, under Section 1558-75, General Code, to prosecute error to the Court of Common Pleas of Franklin county.
 

 Being of opinion that the Municipal Court of Columbus has jurisdiction of the subject-matter of the case in question, the demurrer to the petition herein is sustained.
 

 Demurrer sustained.
 

 Weygandt, C. J., Stephenson, Jones, Matthias and Wilkin, JJ., concur.
 

 Bevts, J., not participating.