JACUBENTA, A MINOR, ET AL., APPELLANTS, *v.* DUNBAR, APPELLEE.

(No. 26839—Decided May 14, 1964.)

*Messrs. Hartshorn, Thomas, Edelman & Fludine*, for appellants.

*Mr. Stephen J. Knerly*, for appellee.

CORRIGAN, J. The plaintiffs, appellants herein, Kathleen Jacubenta, a minor, and her father, Joseph Jacubenta, brought suit against the defendant, appellee herein, Geraldine Dunbar, in the Bedford Municipal Court for personal injuries suffered by the minor and for expenses and loss of services suffered

by her father, allegedly resulting from the negligent operation of defendant's automobile in the city of Warrensville Heights, Ohio. Plaintiffs' petition prays for damages in the amount of $4,500.

The defendant is a resident of Bainbridge Township in Geauga County. The plaintiffs first attempted to get service of summons on the defendant by mail. The defendant, not intending to enter her appearance, moved to quash service of summons, and this motion was granted. The plaintiffs then attempted to get service of summons on the defendant by issuing an alias summons and by deputizing the Sheriff of Geauga County who left the writ at the defendant's residence. The defendant again refused to enter her appearance in the Bedford Municipal Court except for the limited purpose of objecting to the attempt to acquire jurisdiction over her person and moved to quash the service of the alias summons. The trial court granted this motion and dismissed plaintiffs' action.

The plaintiffs filed their notice of appeal to this court on questions of law from the order of the Bedford Municipal Court dismissing their action.

The first issue before this court is whether the Bedford Municipal Court has jurisdiction over the subject matter of the plaintiffs' action.

The jurisdiction of a court is that power conferred upon it by law by which it is authorized to hear, determine, and render final judgment in an action and to enforce its judgment by legal process. 14 Ohio Jurisprudence (2d), 509, Courts, Section 93. Moreover, Municipal Courts fall within the rule that courts created by statute and not by the Constitution can exercise only such powers as are directly conferred upon them by legislative enactments. 38 Ohio Jurisprudence (2d), 33, Municipal and County Courts, Section 28; *State, ex rel. Talaba, v. Moreland, Judge,* 132 Ohio St., 71; *State, ex rel. Finley, v. Miller, Presiding Judge,* 128 Ohio St., 442.

Thus, it is necessary to look to the provisions of the Revised Code of Ohio to determine whether the Bedford Municipal Court has jurisdiction in the instant case.

Section 1901.01, Revised Code, established a Municipal Court in Bedford among other Municipal Courts established in other municipal corporations.

Section 1901.02, Revised Code, in part, reads:

"The Municipal Courts, established by Section 1901.01 of the Revised Code, have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record. * * * The Municipal Courts also have jurisdiction as follows:

"* * *

"The Bedford Municipal Court has jurisdiction within the corporate limits of the municipalities of * * * Warrensville Heights * * *."

Section 1901.17, Revised Code, in part, provides:

"A Municipal Court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed three thousand dollars, *except in the case of the Municipal Courts within Cuyahoga County where it shall not exceed ten thousand dollars, * * *.*" (Emphasis added.)

Section 1901.18, Revised Code, in part, provides:

"Subject to Section 1901.17 of the Revised Code, a Municipal Court has original jurisdiction *within its territory*:

"* * *

"(B) In any action or proceeding at law for the recovery of money * * *." (Emphasis added.)

Section 1901.03, Revised Code, in part, provides:

"As used in Sections 1901.04 to 1901.38, inclusive, of the Revised Code:

"(A) *'Territory'* means the geographical areas within which Municipal Courts have jurisdiction as provided in Sections 1901.01 and 1901.02 of the Revised Code. * * *" (Emphasis added.)

Section 1901.19, Revised Code, in part, provides:

"Subject to Section 1901.17 of the Revised Code, *a Municipal Court has jurisdiction within the limits of the county* or counties in which its territory is situated:

"* * *

"(D) In any civil action or proceeding at law *in which the subject matter of the action or proceeding is located within the territory* * * *." (Emphasis added.)

Subject matter in the legal sense means the nature of the cause of action and the relief sought. 14 Ohio Jurisprudence

(2d), 518, Courts, Section 101. Subject matter has also been referred to as the abstract subject of judicial inquiry. *Baltimore & Ohio Rd. Co.* v. *Hollenberger*, 76 Ohio St., 177.

The Supreme Court of Ohio has held that an action to recover for claimed negligence in a particular territory, where such negligence is claimed to have proximately caused injury in that territory, is an action in which "the subject matter of the action * * * is located within such 'territory,' " as those words are used in Section 1901.19 (D), Revised Code. *Gastaldo* v. *Parker Appliance Co.*, 173 Ohio St., 181.

It is obvious from a reading of the applicable statutes and the holding of the Supreme Court in the *Gastaldo case, supra,* that the Bedford Municipal Court has jurisdiction over the subject matter of plaintiffs' action. Having made that determination, the only remaining question is whether the Bedford Municipal Court could properly acquire jurisdiction over the person of the defendant who resides in Geauga County.

Section 4515.01, Revised Code, provides:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought by the person injured against such owner or operator *in the county in which such injury occurred.* A summons in such action against any defendant shall be issued to the sheriff of any county within this state in which such defendant resides and may be served as in other civil actions." (Emphasis added.)

Thus, the controlling issue is whether the provisions of Section 4515.01, Revised Code, apply to an action in the Bedford Municipal Court brought against a resident of another county for injuries resulting from the negligent operation of a motor vehicle within the territory of that Municipal Court.

Section 4515.01, Revised Code, does not specifically limit its application to any particular court located within the county in which such injury occurred. The question, then, is whether a Municipal Court which otherwise has jurisdiction over the subject matter of the action is barred from employing the provisions of Section 4515.01, Revised Code, in acquiring jurisdiction over the person of a defendant who resides in another county when such injury occurs within the territory of such Municipal Court.

This question was resolved by the Supreme Court of this state in the case of *Klein* v. *Lust*, 110 Ohio St., 197.

That case was an action in the Common Pleas Court to enjoin the collection of a judgment rendered by a justice of the peace in Clinton Township, Seneca County, Ohio, which judgment arose from an action for damages resulting from an automobile collision which occurred in Bloom Township, Seneca County. The plaintiff in the original action (Lust) resided in Clinton Township, and the defendant in that action (Klein) resided in the city of Columbus. The justice of the peace in Clinton Township issued a summons which was served by the deputy bailiff of the Columbus Municipal Court. The amount claimed was $299. The defendant in that case (Klein) filed a motion with the justice of the peace for a dismissal for the reason that the court in which the action was filed had no jurisdiction in the subject matter involved.

The justice of the peace overruled the motion, heard the witnesses for the plaintiff, and gave judgment for the amount named.

The defendant then filed an action to enjoin the collection of the judgment. The Common Pleas Court granted a permanent injunction, and error was prosecuted to the Court of Appeals which reversed the judgment of the Common Pleas Court on the ground that the original judgment before the justice of the peace was valid, the justice having jurisdiction of the subject matter, and the motion to dismiss having operated as an entry of appearance.

The Court of Appeals certified the cause to the Supreme Court as being in apparent conflict with the decision of another district.

Before its amendment on March 8, 1923, Section 6308, General Code (Section 4515.01, Revised Code), provided:

"Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner *in the county wherein such injured person resides.* A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwith-

standing any contrary provision of law for the service of summons in civil actions.'' (Emaphasis added.)

The issue before the Supreme Court was whether the provisions of Section 6308, General Code (Section 4515.01, Revised Code), applied to actions brought before justices of the peace, thereby affording the injured person the right to bring his action before a justice of the peace in the county in which such injured person resided.

The Supreme Court in its opinion stated:

''* * * In the instant case, if the action had been brought before a justice of the peace in the township where the defendant resides, and summons properly served, there would have been no question of the jurisdiction, and, this being admitted, no question remains as to the jurisdiction of a justice of the peace over the subject matter of the action. It being therefore only a question as to whether the cause should be heard by a justice of the peace in the township where the plaintiff resides, or before a justice of the peace in the township where the defendant resides, *the question becomes one of venue rather than jurisdiction.*'' (Emphasis added.)

The Supreme Court also stated:

''Justices of the peace and Courts of Common Pleas having jurisdiction over injuries caused by the negligent operation of automobiles, and *neither court having been specifically mentioned in Section 6308* [Section 4515.01, Revised Code], the only construction which could reasonably be put upon the first sentence of that section is that the Legislature intended that within the limitations of the jurisdiction of each of those courts, respectively, an injured person might bring his action either before a justice of the peace or in the Court of Common Pleas in the township or county of his residence.'' (Emphasis added.)

Thus, the Supreme Court held that the provisions of Section 6308, General Code (Section 4515.01, Revised Code), were not limited to any specific court, that they applied to actions brought before justices of the peace, and that the action was properly brought in Clinton Township, Seneca County, where the injured party resided, provided summons was served upon the defendant in accordance with the latter provisions of that section.

The Supreme Court went on to say that service was not

proper in the original case but that since the defendant had moved for dismissal on the ground that the justice of the peace had no jurisdiction over the subject matter of the action, jurisdiction was thereby acquired over his person. Thus, the judgment of the Court of Appeals was affirmed.

The Supreme Court also added that Section 6308, General Code (Section 4515.01, Revised Code), did not enlarge the jurisdiction of any trial court but merely enlarged the geographic boundaries for the exercise of the general jurisdiction conferred by other statutes.

It has also been held that the provisions of Section 4515.01, Revised Code, relate solely to venue and, being remedial in character, are to be liberally construed. *Pappas* v. *Jeffrey Manufacturing Co.*, 139 Ohio St., 637; *Snavely* v. *Wilkinson, Exr.*, 138 Ohio St., 125.

Therefore, it is apparent that under the holding in the *Klein case, supra*, it must be determined that the Bedford Municipal Court could properly issue summons to the Sheriff of Geauga County for service on the defendant as in other civil actions, and through such service properly acquired jurisdiction over the person of the defendant.

Another case which supports this view is *Meeker* v. *Werner*, 89 Ohio App., 520. In that case, the plaintiff, a resident of Columbus, Ohio, brought an action in the Columbus Municipal Court against the defendant, a resident of Newark, Ohio, for damages arising out of an automobile collision which occurred in Columbus. Summons was issued to the bailiff of the Columbus Municipal Court who mailed it to the defendant at his residence. The defendant, reserving his appearance, filed a motion to quash service of summons and return thereof. This motion was overruled. The defendant, reserving his exceptions to the order of the court overruling his motion to quash service, filed his answer. His first defense was that the court had no jurisdiction over his person. His second defense was on the merits.

The case was tried to the court without the intervention of a jury, and judgment was rendered against the defendant, who appealed to the Court of Appeals.

The issue before the Court of Appeals was whether the provisions of Section 6308, General Code (Section 4515.01, Revised

Code), applied to an action brought in the Columbus Municipal Court making it mandatory that summons be issued to the *sheriff* of the county in which the defendant resided.

The Court of Appeals held that the provisions of the above section did apply to the action in question, but that service was improper since the summons had been issued to the *bailiff* of the Columbus Municipal Court and by him mailed to the defendant at his residence in Newark. Therefore, the Court of Appeals ruled that the Columbus Municipal Court should have granted the defendant's motion to quash service of summons on him and reversed the judgment on that ground.

It must be noted that in the *Meeker case, supra,* the Columbus Municipal Court was authorized by Section 1558-51, General Code, to hear and determine actions for injury to persons or property caused by the negligence of an owner or operator of an automobile which occurred within the city when the amount claimed did not exceed $1,500.00.

The trial court, in the instant case, apparently relied on the case of *Bennett* v. *Radlick,* 104 Ohio App., 265, which in turn was based on the case of *Yontz et al., Partners,* v. *McCutchin,* 121 Ohio St., 142.

In the *Yontz case, supra,* the syllabus states:

"Jurisdiction is not conferred on the Municipal Court of the city of Columbus by Section 6308, General Code [Section 4515.01, Revised Code], in an action for damages for injury due to the negligent operation of a motor vehicle in Franklin County, Ohio, where defendants reside outside of city limits, by the Sheriff of Franklin County leaving a summons at the residence of such defendants, *all parties to such action being residents of Franklin County.*" (Emphasis added.)

Paragraph two of the syllabus of the *Bennett case, supra,* opinion by Skeel, P. J., states:

"Section 4515.01, Revised Code, which provides that an action may be brought in a motor vehicle collision case in the county where the injury occurred and for service of summons by the sheriff in any other county in Ohio, does not extend the jurisdiction of a Municipal Court beyond its territorial limits *to include county-wide jurisdiction* where the injury caused by the use of a motor vehicle occurred within its territory." (Emphasis ours.)

In both of the above cases, the defendants resided in the same county in which the injury occurred although not within the territory of the Municipal Court in which the action was filed. The reasoning underlying the holdings in these two cases is found in the opinion in the *Yontz case, supra,* where it is stated, at page 146:

"Section 6308, General Code [Section 4515.01, Revised Code], *should be construed to enlarge the venue of a trial court when summons must be sent to another county,* and it does not apply when it appears that both parties reside in the same county, the law giving full and adequate remedies in such case." (Emphasis added.)

In the instant case, the defendant does not reside within Cuyahoga County. Therefore, Section 4515.01, Revised Code, must be construed to enlarge the venue of the trial court, and it must be determined that the Bedford Municipal Court was a proper forum for the bringing of plaintiffs' action.

The only remaining question is whether the defendant was properly served with summons under the provisions of Section 4515.01, Revised Code.

The transcript of the docket entries filed in the cause indicates the following:

"12-5-63 Issued alias summons to Sheriff of Geauga County for service upon defendant.

"12-16-63 Filed Sheriff's return—residence service."

These entries show that the command of Section 4515.01, Revised Code, that a summons shall be issued to the sheriff of any county within this state in which the defendant resides and may be served as in other civil actions was complied with, and jurisdiction over the defendant was thereby acquired.

For these reasons, the order of the trial court granting the motion of defendant to quash service of the alias summons and the order, judgment and decree dismissing the plaintiffs' action are reversed and this cause is remanded with instructions to overrule the motion to quash service of the alias summons and for further proceedings according to law.

*Judgment reversed.*

KOVACHY, P. J., and ARTL, J., concur.