I must respectfully disagree with the majority's disposition of this case. In my opinion, the trial court did not have jurisdiction of the plaintiff's claim because the "subject matter of the action" was not located within the territory of the Garfield Heights Municipal Court as required by then applicable R.C.1901.19(A)(4). Defendant's Assignment of Error I is well taken; her motion to dismiss should have been granted.
The majority states, without benefit of any authority or citation, as follows:
 The subject matter of the within action was the performance of engineering and surveying services by the appellee in Garfield Heights, on real property owned by the appellant, for which the appellant refused to compensate the appellee per the terms of the contract entered into between the parties. There is simply no way that this court can distinguish the contract entered into between the parties from the work performed pursuant to the contract, for the purposes of determining whether the subject matter of this action was located within the territory of the Garfield Heights Municipal Court. Certainly, if the appellee had employed his professional expertise to construct a structure on the Garfield Heights site rather than to perform engineering and surveying services, there would be no dispute that the property owned by the appellant was subject matter of the action, regardless of where the appellant resided or where the appellee maintained his place of business.
 Because the trial court properly determined that the subject matter of this action was the land owned by the appellant in Garfield Heights, the appellant's first assignment of error is not well taken.
(Maj. Opn. at 6).
From the foregoing majority analysis, it can not be determined whether the subject matter of the action is (1) the contract itself between the parties, (2) the work performed under it, (3) the land owned by the appellant in Garfield Heights, or (4) some combination thereof. I respectfully suggest it is none of the above.
I conclude that the "subject matter of the [instant] action" referenced in R.C. 1901.19(A)(4) was not the contract itself, nor plaintiff's performance under it, nor was it defendant's undeveloped Garfield Heights property. Rather, the subject matter of the action was defendant's alleged breach of contract in failing to pay for plaintiff's professional design and engineering services. Until that breach, there could be no cause of action. This determination of subject matter jurisdiction is compelled by this Court's decision in Jacubenta ev. Dunbar(1964), 120 Ohio App. 249, which construed the very statute at issue. This Court stated at 251-52:
 Section 1901.19, Revised Code, in part, provides:
 "Subject to Section 1901.17 of the Revised Code, a Municipal Court has jurisdiction within the limits off the county or counties in which its territory is situated:
 * * * "(D) In any civil action or proceeding at law in which the subject matter off the action or proceeding is located within the territory * * *." (Emphasis added.)
 Subject matter in the legal sense means the nature of the cause of action and the relief sought. 14 Ohio Jurisprudence (2d), 518, Courts, Section 101. Subject matter has also been referred to as the abstract subject of judicial inquiry. Baltimore Ohio Rd. Co. V. Hollenberger, 76 Ohio St. 177.
Therefore, the "subject matter of the action * * * located within the territory" is a term of art, equated with the "nature of the cause of action and relief sought." Jacubenta, supra. In the instant case, the nature of the cause of action arises from a breach of contract by defendant's failure to pay for the plaintiff's services. The most recent case on this subject appears to be Buckeye Lawn Landscaping v. Magic Castle(Jan. 15, 1999), Montgomery Co. App. No. 17199, unreported, where the appellate court affirmed the jurisdiction of Kettering Municipal Court in awarding damages for providing landscaping services for which defendant Magic Castle had not paid. The court stated:
 In this case, the cause of action arises from a breach of contract due to the failure to make payment pursuant to the contract. The cause of action arose in Centerville. See Kniess, supra. The plaintiff is located in Centerville which is within the limits of the Kettering Municipal Court's territorial jurisdiction. Therefore, the subject matter of this action arose within the territorial limits of the Kettering Municipal Court. Accordingly, we are persuaded that the trial court properly exercised jurisdiction over this matter.
A contract cause of action arises where the contract is breached. If it is breached by non-payment of money, as in this case, the breach occurs where payment is to be made, i.e., at plaintiff's business office in Mayfield Heights. See Soloman v.Excel Marketing, Inc.(1996), 114 Ohio App.3d 20. 25-26:
 In an action alleging breach of contract, the cause of action arises where the breach took place. Grange Mut. Cas. Co. v. Thompson
(1990), 61 Ohio App.3d 190, 200. 572 N.E.2d 237, 243-244; Atwood Resources, Inc. v. Lehigh
(1994), 98 Ohio App.3d 293. 299, 648 N.E.2d 548, 551-552. Various jurisdictions have held that the refusal to pay money due on a contract results in a breach of that contract at the place where the money was to be paid and that, absent an express agreement to the contrary, proper venue is presumed to lie in the county in which the payee's place of business is located. Lorenz Equip. Co. v. Ultra Builders, Inc.(Feb. 23. 1993), Franklin App. No. 92AP-1445, unreported, 1993 WL 51095, at 2; Janet's Reporting Video Serv. v. Rauchman(May 29, 1990). Butler App. No. CA89-10-150, unreported, 1990 WL 70929, at 4; Thompson v. G D Transport, Inc.(Aug. 22. 1989), Gallia App. No. 88-CA-12, unreported, 1989 WL 98506. at 6-7.
 * * * * * * The complaint alleged that the cause of action was based upon nonpayment of a contractual debt. Both parties stipulated that no specific place was designated for payment on the contract, so Soloman's place of business, Kettering, Ohio, is presumed as a matter of law to be the location where the claim for relief arose. See Lorenz Equipment Co.; Janet's Reporting Video Serv.; Thompson, supra. We cannot agree with the Kettering Municipal Court that the place where Soloman was to perform the contract was dispositive to the proper forum in this case. Soloman's performance of the contract is not the basis for his claims. Accordingly, we conclude that Soloman properly chose Kettering, Ohio, as the forum for his action and that the Kettering Municipal Court erred by altering that forum. The transfer of venue to Springfield Municipal Court was improper, and this, standing alone, constitutes reversible error. See Grange, 61 Ohio App.3d at 201, 572 N.E.2d at 245, fn. 1.
The Garfield Heights Municipal Court was without subject matter jurisdiction. The breach of contract arose from defendant's failure to make payments at plaintiff's place of business in Mayfield Heights, which is the jurisdiction in which the subject matter of the action arose. I would vacate the Garfield Heights judgment and dismiss the case without prejudice: